FIRST NATIONAL BANK OF DURAND, Respondent, vs. JOINT SCHOOL DISTRICT NO. 1 OF THE TOWN AND VILLAGE OF PEPIN and others, Appellants.

*April 6—October 20, 1925.*

*Municipal corporations: Loans irregularly made: Recovery by creditor of money used for lawful municipal purposes: Schools: Proceeds of irregular loan not shown to have been used for school purposes: Negligence of creditor: Failure to demand payment within six months' time.*

1. Where one loans money to a municipality which is used by it for a lawful purpose, an action may be maintained for money had and received, on its failure to pay the loan, notwithstanding the contract was void for irregularity.  p. 550.
2. A bank seeking to recover loans made to a school district and evidenced by school orders, admittedly issued without authority and hence illegal, is not entitled to recover such loans where it was not established that the money so loaned was used by the district for school purposes and lawful expenses, and the bank did not exercise ordinary care in that it failed to demand a return of the loan within six months, which under sub. (2), sec. 40.11, Stats. 1919, is the limit of time for which the district board is authorized to borrow.  p. 550.

APPEAL from a judgment of the circuit court for Pepin county: GEORGE THOMPSON, Judge. *Reversed, with directions.*

This was an action originally commenced to recover on three school orders issued by the appellant school district to the respondent. The complaint was afterwards amended to allege three counts for money had and received. Judgment was rendered in favor of the plaintiff on the latter counts.

The action brought against the school district and the school district officers was dismissed as to the district officers on the trial.

The trial court found that for many years prior to the transactions in question the school district had been in the habit of borrowing money in substantially the same way as in the instant case, and that the district was in need of funds on the 14th of July, 1919, and issued its orders and received the money therefor, and also was in need of funds on October 8, 1919, and issued its order and received the money therefor, as hereinbefore stated, and that said moneys so received were used in paying the necessary expenses of maintaining the district school.

The court further found that there was no resolution by the electors authorizing the district board to make temporary loans on behalf of the district, and as a conclusion of law ordered judgment on the counts for money had and received in the sum of $3,400, with interest at six per cent. from June 1, 1920. Judgment was entered accordingly.

It is the contention of the appellant that the school orders in question were issued without authority of the district, as provided in sub. (2), sec. 40.11, Stats. 1919, and that said orders were issued payable more than six months after date. This contention seemed to be accepted by the respondent and by the court. The respondent now makes no claim based on the orders, but relies upon payment of the money to the school treasurer in good faith, and that the district

received the same and expended the same for lawful school purposes.

Defendant district denies that the district received the funds loaned to its treasurer or that such funds were expended in its behalf.

The defendant therefore appeals from the judgment of the trial court, and assigns in effect as errors the findings of the trial court that the district received money from the bank, that such money was expended for a lawful purpose in its behalf, and that it was enriched thereby.

For the appellants there was a brief by *Buehler & Buehler* of Alma and *N. O. Varnum* of Hudson, and oral argument by *Mr. Varnum* and *Mr. Theodore Buehler*.

For the respondent there was a brief by *C. A. Ingram* of Durand and *F. M. White* of River Falls, and oral argument by *Mr. Ingram*.

The following opinion was filed May 12, 1925:

CROWNHART, J.    It appears that in the year 1919 the appellant school district held its annual July meeting, and the books of the treasurer, which theretofore had been audited, showed a balance on hand of $492.34, with no indebtedness against the district. The district maintained and operated a high school, and the expense prior to the payment of taxes would amount to several thousand dollars. The district had no other means of obtaining money to run the school during that period except by borrowing. This situation was, of course, known to the voters at the annual meeting, and it would seem reasonable to believe that they expected that the district officers would borrow money to run the school pending the collection of taxes. There is evidence that indicates that this had been the practice over a period of several years at least.

On July 14, 1919, the district clerk made out and signed a school order, which was also signed by the director, in

regular form, for $1,000, payable to respondent, with interest at seven per cent., on April 1, 1920.

On the same day the school clerk and director issued a second order, in regular form, for $1,200, payable to the respondent, with interest at seven per cent., and due May 15, 1920.

On October 8, 1919, the clerk and director issued a third order, payable to the respondent, in the sum of $1,200, with interest at six per cent., due May 15, 1920. The three orders were delivered by the clerk to the treasurer, and the treasurer negotiated the same to the respondent and received the money therefor.

The plaintiff bank in this action, admitting the illegality of the school orders, seeks to recover on the equitable principle that the bank having loaned the district money for a lawful purpose, and the district having received the money and used it for such purpose, the district in good conscience should repay the bank the money so received.

It is the undoubted law of this state that where a party in good faith loans money to a municipality, to be used by the municipality for a lawful purpose, and which is in fact used for that purpose, on failure of the municipality to pay the loan an action may be maintained for money had and received, notwithstanding the contract was void for irregularity. *First Wis. Nat. Bank v. Catawba,* 183 Wis. 220, 232, 197 N. W. 1013, and cases there cited.

The burden of proof was upon the bank to establish by a clear preponderance of the evidence that the money was so loaned and so used by the district. We are unable to discover the evidence in the record to establish the fact that the money so loaned was used by the treasurer for a lawful purpose of the district. The money was loaned to the treasurer several months before the district was required to use it for school purposes. The money so loaned is not traced to show that it was actually paid by the treasurer for school

purposes when the district was in need of the money to pay
its lawful expenses.   The record discloses that the expenses
incurred by the district prior to January 8, 1920, exceeded
the sums borrowed, including the balance on hand at the
July meeting.   Orders seem to have been drawn to cover
such expenses, but how they were paid, when they were
paid, or with what funds they were paid is not definitely
disclosed.   The treasurer, however, reported at the annual
meeting in 1920 that the expenses for the preceding school
year were $932.62 in excess of the receipts, and thereupon
he was voted that sum to balance his account.   But the
treasurer's account did not disclose the receipt of the loans
made to him by the plaintiff bank.   It therefore appears by
his account that the treasurer did not use the funds received
by him from the bank for school purposes.

Ordinary care upon the part of the bank required it to
demand the return of the loans within six months from the
dates of the loans, as the district board was not authorized
to borrow for a longer time.   Sub. (2), sec. 40.11, Stats.
1919.   Had the bank used ordinary care it would have de-
manded payment at a time when the treasury would have
been in funds from its receipts from taxes collected.   The
result of its dealings with the treasurer is that the treasurer
squandered the money, and if the district is required to pay
the loans it will be out that much with no possibility of re-
coupment.

There are suspicious circumstances which indicate that
the treasurer did not use the borrowed funds for school
purposes.   He had a bank account with the plaintiff bank,
and yet he was given the funds in cash.   He had no bank
account as treasurer of the district.   He was a business man
doing a considerable business, and it is not to be presumed
that he would keep a large sum of school money in cash for
several months.   In the absence of evidence to the contrary,
it is more likely that he used the money in his business and

depended on his ability to have sufficient money on hand when needed to make good his embezzlement of such funds. As it finally turned out he never made good, and he absconded, leaving the borrowed funds wholly unaccounted for. The result is unfortunate for the bank, but if the district is required to pay it would be equally unfortunate for the taxpayers, who have not profited by the transactions.

This court therefore concludes that the circuit court was in error in finding for the plaintiff and in entering judgment in its favor.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the plaintiff's complaint.

The respondent moved for a rehearing.

In support of the motion there was a brief by *C. A. Ingram* of Durand and *F. M. White* of River Falls.

In opposition thereto there was a brief by *Buehler & Buehler* of Alma, *N. O. Varnum* of Hudson, and *M. L. Fugina* of Alma.

The motion was denied, with $25 costs, on October 20, 1925.