RICHLAND COUNTY BANK, Respondent, vs. JOINT SCHOOL DISTRICT NO. 2 OF BOAZ, etc., Appellant.

*September 15—December 5, 1933.*

180

For the appellant there was a brief by *Brindley & Brewer* of Richland Center, attorneys, and *Harold M. Wilkie* of Madison of counsel, and oral argument by *Mr. Wilkie*.

*O. D. Black* of Richland Center, for the respondent.

The following opinion was filed October 10, 1933:

NELSON, J. There is no substantial dispute in the facts. Ed. Jacobson was appointed treasurer of the district in 1926. He was elected in 1927 to succeed himself and re-elected each year thereafter up to and including 1931. From 1926 until December, 1931, when he resigned, he continued as such officer. Evidently through inadvertence he was never required to give a bond. During the times mentioned he carried his checking account at the bank which was variously listed on the books of the bank as follows: "Ed. Jacobson Treas. Boaz Graded Schools," "Ed. Jacobson Treas." and "Boaz Graded School Jt. School Dist. # 2 Boaz Dayton & Akan, Ed. Jacobson Treas." In August, 1927, the school board authorized a loan of $400. It was

obtained from the bank and evidenced by a demand note executed on behalf of the district by Ed. Jacobson as treasurer and Carl J. Koch as clerk. In December, 1929, another loan for $450 was duly authorized. This loan was also obtained from the bank and was evidenced by a note also signed by Jacobson as treasurer and Koch as clerk. The two loans mentioned are the only ones which the school board ever authorized during the time that Jacobson served as treasurer. Commencing in March, 1928, Jacobson began to borrow money from the bank without the authority or knowledge of the electors of the district or the school board. The evidence reveals that twelve unauthorized notes, totaling the sum of $8,550, were given to the bank by Jacobson. Although the officers of the bank knew that it was necessary for the school board to pass a resolution in case it desired to borrow money, no certified copy of a resolution was apparently requested or demanded by the bank. Jacobson usually orally represented that such loans were authorized; on two occasions he mailed notes to the bank and stated in the accompanying letters that the school board had authorized the loans. When the loans were consummated the bank credited Jacobson's account with the amounts of the notes. The amounts so credited were from time to time thereafter paid out on checks having printed thereon in the left-hand corner, "Boaz Graded Schools Boaz Wisconsin" and signed "Ed. Jacobson." As taxes, state aid, tuition, and other moneys came into Jacobson's hands he paid the notes to the bank. At the annual school meeting held in July, 1931, both the treasurer's report and the report of the auditing committee showed a balance in the treasurer's hands, amounting to $2,533.99. A tax of only $1,250 was levied by the school meeting. At that time Jacobson's account at the bank was in fact overdrawn in the amount of $1.22 and the bank was carrying as cash items a number of checks most of which had been issued

by Jacobson in June. The bank also held an unauthorized and unpaid note for $250 which had theretofore been given to the bank in renewal of another note for the same amount. Jacobson evidently issued checks on the bank in payment of his own personal obligations, all of which were charged to the account. Of the $2,500 borrowed by Jacobson from the bank between September 2 and November 20, 1931, $2,024.97, plus one or two other small items, was disbursed by the bank on checks issued by Jacobson in payment of school orders issued by the clerk and countersigned by the director.

It appears that prior to that time, on October 8, 1930, during the school year 1930–1931, Jacobson borrowed the sum of $1,000 on a note payable February 1, 1931, which note was paid by him on May 4, 1931; that on November 24, 1930, he again borrowed the sum of $1,000 and gave a note due March 15, 1931, which was paid by him on April 4, 1931. Both notes, together with interest, were paid by checks which were charged to his account. Another unauthorized note for $250 was renewed during the year which no doubt necessitated the payment of a small amount of additional interest.

The court was of the opinion that the facts supported the plaintiff's claims for moneys had and received although the notes, being wholly unauthorized, were void and no recovery could be had on them.

It is the law of this state "that where a party in good faith loans money to a municipality, to be used by the municipality *for a lawful purpose,* and which is in fact used for that purpose, on failure of the municipality to pay the loan an action may be maintained for money had and received, notwithstanding the contract was void for irregularity" (*First Nat. Bank v. Joint School Dist.* 187 Wis. 547, 550, 203 N. W. 762), or as similarly stated: "That if a municipality obtains money of a person by an illegal sale of prop-

erty to him, or an illegal contract of some kind, not expressly prohibited by law nor tainted by moral turpitude so that court(s) on grounds of public policy will not recognize it, or the relations growing out of it, to grant relief, and such person acts in good faith in parting with his money, believing the same to be for the benefit of the municipality, and the latter uses the money for its legal and legitimate purposes, to that extent the law will imply a promise to return the same, upon which an action for money had and received will lie" (*Thomson v. Town of Elton,* 109 Wis. 589, 593, 85 N. W. 425).

This doctrine, however, does not extend to contracts expressly prohibited by law. *Riesen v. School District,* 189 Wis. 607, 208 N. W. 472; *Thomson v. Town of Elton, supra.* Nor does it extend to a recovery in defiance of a constitutional provision against the municipality becoming liable at all. *McGillivray v. Joint School Dist.* 112 Wis. 354, 88 N. W. 310. The rule seems clearly to require that a person seeking to recover money had and received by a municipality must show that he acted in good faith in loaning this money and that the particular loan was for a lawful purpose.

Recovery in this case was permitted on the ground that the district had had and received the bank's money. An action for money had and received, though one at law, is governed by equitable principles and can be maintained only if the defendant has received money which in equity and good conscience it ought to pay or repay to the plaintiff. *County of Sheboygan v. City of Sheboygan,* 209 Wis. 452, 245 N. W. 87; *Steuerwald v. Richter,* 158 Wis. 597, 149 N. W. 692. Recovery in such an action is based on the law of quasi-contracts and is ordinarily permitted only when there has been an "unjust enrichment," i. e. the receipt by one person from another of a benefit, the retention of which would be unjust. Woodward, Quasi-Contracts, § 1. The

essential elements of a quasi-contractual obligation upon which a recovery may be had are the receipt of a benefit by a defendant from a plaintiff, which benefit it is inequitable that the defendant retain. *Ibid.* § 7. Ever since an action for money had and received has been maintainable it has been employed as a remedy to prevent the unjust enrichment of one at the expense of another or to prevent one from retaining a benefit conferred upon him by another which would be, under all of the circumstances of the case, unjust or inequitable. Such clearly seems to be the doctrine underlying the law of quasi-contracts. Woodward, Quasi-Contracts; Keener, Quasi-Contracts.

We think the evidence fails to support the conclusion that the district has been enriched at the expense of the bank or has received a benefit from the bank which it is inequitable that it should retain. It appears without dispute that on April 4, 1931, Jacobson repaid to the bank from school moneys the sum of $1,000 and interest; that again on May 4, 1931, he paid to the bank, out of moneys belonging to the school district, the further sum of $1,000 and interest. He also paid the interest on a note for $250 on September 2, 1931. The bank therefore obtained payment of certain of its unauthorized loans out of moneys belonging to the district in a sum considerably exceeding $2,000.

We think, under the circumstances, that it cannot be said and should not be said that the district has been enriched at the expense of the bank, or has received a benefit which it would be inequitable for it to retain.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on December 5, 1933.