WALKER, Appellant, vs. JOINT SCHOOL DISTRICT No. 5, TOWN OF ALMA and VILLAGE OF MERRILLAN, Respondent.

HELBLING, Appellant, vs. SAME, Respondent.

BENNETT and others, Appellants, vs. SAME, Respondent.

COLEMAN and another, Appellants, vs. SAME, Respondent.

GANZEL, Appellant, vs. SAME, Respondent.

*September 15—October 11, 1949.*

For the appellants there was a brief by *Hammersley, Torke & Kelley* of Milwaukee, for L. J. Walker, and by *Devos & Skroch* of Neillsville, for the remaining appellants, and oral argument by *A. L. Devos* and *Charles E. Hammersley*.

*Lester R. Johnson* of Black River Falls, for the respondent.

ROSENBERRY, C. J. It appears from the finding of the trial court that on May 26, 1924, the defendant procured a

loan of $23,000 from the state trust fund, payable in fourteen years, the funds to be used in building a new schoolhouse. At that time the assessment of real and personal property for state and county taxes was $503,770. There was other indebtedness stated not to exceed $1,500.

"That at the annual meeting of the electors of the district on July 7, 1924, the loan of $23,000 was revealed as insufficient to erect the new building and a resolution was adopted to borrow in addition to said amount 'the sum of seventeen thousand dollars ($17,000) in order to have funds sufficient to build a new school building and community hall,' and at the annual meeting of the electors on July 6, 1925, a resolution was adopted authorizing the school board 'to borrow such sums of money as may be necessary to complete the new school building.'

"That from November, 1924, to February, 1926, when the district had debts in excess of $28,000 without current resources therefor, and as assessed valuation of real and personal property for state and county purposes of $446,540 for 1924, and $511,770 for 1925, additional loans to the amount of $27,800, without current resources to pay the same, were obtained from individuals then residing in or near the village of Merrillan of which $3,000 was borrowed from the plaintiff on November 3, 1924, and $1,500 from the plaintiff on December 20, 1924, with school orders issued to him on said dates providing for payment of said sums in one year and interest of six per cent per annum thereon.

"That interest was paid to him by the defendant school district on said loans up to and for 1940 and the orders renewed from time to time with the last renewals being on November 3, 1938, for $3,000 and on December 20, 1938, for $1,500, and with $200 principal and interest of $6.51 on said sum being paid on the latter loan of $1,500 on June 28, 1941, thereby reducing the amount to $1,300 for which suit is now brought together with interest from December 20, 1940, and also for $3,000 with interest from November 3, 1940.

"That said loans were made by and between the plaintiff and the officers of said district in good faith without reference to any constitutional provisions prohibiting the defendant

from borrowing the money so loaned by the plaintiff and the proceeds thereof were used for legitimate purposes of the district."

Upon these facts the court concluded as a matter of law,—

"That the loans from the plaintiff to the defendant school district in November and December, 1924, were void because all of the indebtedness thus incurred together with the existing indebtedness of the school district exceeded five per cent of the then value of the taxable property of said school district as ascertained by the last assessment for state and county taxes, and that any renewals of said loans are likewise void and the defendant is entitled to judgment against the plaintiff dismissing the complaint with costs."

Appropriate findings as to dates and amounts with substantially the same conclusions of law were made and filed in each of the other cases.

A contention is made in the Walker case which is not made in the other cases. We will therefore dispose of that matter first. It is the contention of Walker that the district appropriated $12,000 for school purposes for the year 1924; that the loans made by him were temporary loans and that the loans made by Walker were payable out of taxes levied for current school purposes at the meeting of July 7, 1925. This contention cannot be sustained. The loans were made pursuant to the provisions of sec. 67.12, Stats. 1923.

Sec. 67.12 (2), Stats. 1923, provides:

"The governing body of any town, village or city, or the electors of any common or other school district about to solicit such a temporary loan, shall first adopt and record a resolution specifying the purpose and the amount of the loan, and levying a tax for the same amount to provide payment; which tax, after receipt of the borrowed money, shall become and continue irrepealable, and shall be carried into the next tax roll of the municipality, and collected as other taxes are collected. The proceeds of such tax shall be kept in a distinct and separate fund and be used for the sole purpose of paying such temporary indebtedness. . . ."

Sub. (3) provides:

"To evidence such indebtedness the municipality shall execute to the lender its promissory note payable with interest on or before the fifteenth day of March next ensuing, and signed by the same officers who are required by law to sign municipal bonds . . .; or, in lieu of such note the municipality may deliver to the lender an order drawn on its treasurer payable with or without interest on or before said fifteenth day of March. . . ."

There was a complete failure to comply with the provisions of sec. 67.12, Stats. 1923. The loan was not made for the purpose of meeting the current expenses of the district nor was the evidence of the loan made payable on or before the fifteenth day of the succeeding March. Tax payments when received were not segregated. On the other hand, it appears without dispute that the loans were made for the benefit of the building fund and were payable one year after date and were renewed and apparently intended to be renewed from time to time thereafter. It also appears that the loans were made without any regard to sec. 3, art. XI, Const.

Sec. 67.12 (6), Stats. 1923, relating to advance borrowing on regular tax roll does not apply to school districts.

We have carefully considered the other arguments made in support of the position of the plaintiffs.

The argument that a municipality may operate on a so-called "cash basis" regardless of the debt limitation established by the constitution, based upon *Earles v. Wells* (1896), 94 Wis. 285, 68 N. W. 964, is without merit. In that very case the constitutional provision was applied and the loan was held invalid. That too was an effort to escape the operation of the constitutional provision.

It is further argued that the "cash basis" sphere of municipal activities is needed to permit current operations when tax collections are delayed and without regard to the debt-limit provision of the constitution. This strikes us as being an argument that the constitutional provision should be ob-

served only when it is not needed. When the school district may constitutionally do so there is nothing to prevent it from paying the persons who made these loans to the district. Taxes can be levied and the loans can be paid. That would be in discharge of a moral obligation of the school district.

As to the remaining propositions advanced in the Walker and other cases they are fully and completely answered by the opinions in *Riesen v. School District* (1926), 189 Wis. 607, 208 N. W. 472, and in *Riesen v. School District* (1927), 192 Wis. 283, 212 N. W. 783.

In a case like this it avails nothing to cite to the court such cases as *Thomson v. Elton* (1901), 109 Wis. 589, 85 N. W. 425; *First Nat. Bank v. Joint School Dist.* (1925), 187 Wis. 547, 203 N. W. 762; *Frederick v. Douglas County* (1897), 96 Wis. 411, 71 N. W. 798. Those were cases where there was no statutory or constitutional prohibition which prevented the municipality from becoming liable on its obligations, express or implied. In the *Frederick Case* the municipality had paid the claim and suit was brought to recover the amount paid.

On behalf of the plaintiffs it is further contended that the defendant obtained plaintiffs' money without legal authority and there was no consideration, therefore the plaintiffs are entitled to their money; that the violation of a statute or the inability to make a contract by a municipality does not relieve it from the payment of an obligation. In considering cases of this type it should always be borne in mind that the defendant district was prohibited from making a valid contract for the repayment of money where the contract for repayment and the existing indebtedness of the district in the aggregate exceeded five per cent of the taxable property therein, as provided in sec. 3, art. XI, Const. The matter of when a municipality may become liable upon implied contract or on principles of unjust enrichment for money, services, or goods

was dealt with quite fully in *Shulse v. Mayville* (1937), 223 Wis. 624, 271 N. W. 643.

The plaintiffs rely in this respect upon *Thomson v. Elton* (1901), 109 Wis. 589, 593, 85 N. W. 425. In that case it was said:

"The principle of those cases is that municipalities are bound by moral obligations, as well as individuals, and that where, in case of the latter, such an obligation will give rise to a legal liability, it may have the same effect as to a municipality; that if a municipality obtains money of a person by an illegal sale of property to him, *or an illegal contract of some kind, not expressly prohibited by law nor tainted by moral turpitude* so that court on grounds of public policy will not recognize it, or the relations growing out of it, to grant relief, and such person acts in good faith in parting with his money, believing the same to be for the benefit of the municipality, and the latter uses the money for its legal and legitimate purposes, to that extent the law will imply a promise to return the same, upon which an action for money had and received will lie."

In spite of what was said in that case and in subsequent cases counsel attempt to apply it in this case where there is a constitutional prohibition. In this case it is not disputed that the loans, made under the resolution of the annual district meeting authorizing the borrowing of $17,000, were in excess of the amount which the district could constitutionally borrow. The only recourse which the plaintiffs have is to adopt the suggestion made by Mr. Justice OWEN in *Riesen v. School District* (1926), 189 Wis. 607, 208 N. W. 472, beginning at page 613.

*By the Court.*—The judgments appealed from are affirmed.