The Town of Westboro, Appellant, vs. Taylor County, Respondent.

*April 27 — May 15, 1895.*

*Taxation: Towns: Recovery of county taxes wrongfully collected.*

A town treasurer collected taxes upon lands, but returned them to the county treasurer as delinquent, and the lands were sold therefor. Afterwards the tax certificates were declared to be void by the county board, and the money paid for them, with interest, was refunded to the holders. The amount thus refunded was then charged back to the town and added to the county taxes apportioned to it for the following year, and was collected and paid over to the county treasurer. *Held*, that the town could not recover the amount from the county, even if it was wrongfully collected. It never belonged to the town, and the town treasurer in collecting it acted, not on behalf of the town, but as the agent of the county.

APPEAL from a judgment of the circuit court for Taylor county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This is an action brought by the town of *Westboro,* in *Taylor* county, against the county, to recover moneys which had been, as is claimed, illegally charged back to the town and added to its taxes by the county board, under sec. 1157, R. S., and collected and paid over to the county by the town treasurer. The case was tried upon a stipulation of facts. The stipulation is as follows:

"It is hereby stipulated by and between the parties to the above-entitled action that said plaintiff, the town of *West-*

*boro,* is a duly organized and existing town in *Taylor* county, Wisconsin; that the defendant, *Taylor County,* is a duly organized and existing county in Wisconsin; that in the year 1889 to April, 1891, one W. E. Duncan was the town treasurer of said town of *Westboro;* that said W. E. Duncan, while such treasurer, filed with the county treasurer of *Taylor* county his bond, as provided by law, and secured for collection the tax roll of the town of *Westboro* for the year 1889, and proceeded to collect the taxes as therein stated; that said W. E. Duncan, between the time that he received said tax roll and the time that he returned the delinquent taxes for that year, collected all the state, county, school, or other taxes levied upon the lands described in the bill presented by said plaintiff to the county board of *Taylor* county on the 15th day of November, 1892, and issued receipts therefor to the several parties who paid said taxes, and signed receipts as town treasurer; that after such taxes had been paid as aforesaid, and within the time prescribed by law, said W. E. Duncan returned the taxes charged against said lands as unpaid and delinquent to the county treasurer of *Taylor* county, notwithstanding said taxes had been collected by said treasurer, in due form and manner as unpaid and delinquent taxes are required to be returned to such county treasurer, and, the amount of such delinquent return not being sufficient to pay the amount due said county from said town for taxes for that year, paid a balance due to said county treasurer in cash and county orders of *Taylor* county, and received the county treasurer's receipt therefor, and said county treasurer filed a duplicate of such receipt in the office of the county clerk of said county, and indorsed the bond given by said W. E. Duncan to the county treasurer for that year, and on file in his office, as satisfied and paid; that said county treasurer thereafter, in due course of time, advertised and sold said lands for nonpayment of taxes, and issued tax certificates thereon; that thereafter, in the year

1890, said certificates and the receipts of said W. E. Duncan were duly presented to the county clerk and county board of said county, and said certificates declared to be void by the county board of *Taylor* county, and the money paid for such certificates, with interest at seven per cent. per annum, refunded to the parties holding said certificates, and such amount charged back to said town of *Westboro* and added to the county tax apportioned to said town for that year; that said town of *Westboro* included said amounts in its tax roll for the year 1891, and the same was paid to the county treasurer of *Taylor* county; that on November 15, 1892, the bill on file herein was presented to the county board, and disallowed; that said W. E. Duncan, as such treasurer, paid over to said town, and accounted for in settlement with said town, only the moneys, as taxes, charged in said tax roll as town taxes for that year, and no more, and that said W. E. Duncan, as treasurer, has never paid over or accounted for to said town of *Westboro* the money so collected upon the said lands returned delinquent, as described in plaintiff's complaint, but has failed and neglected to pay over to said county the moneys so collected by him as aforesaid, but, in lieu thereof, returned said lands as delinquent at the time said Duncan made his return to the county treasurer of said county of the uncollected taxes for the year 1889, as herein set forth; that said W. E. Duncan, as treasurer of said town of *Westboro*, collected in full the taxes for said town for the year 1889, as set forth in said tax roll for that year; that the amounts stated in bill presented to county board are correct."

The trial resulted in a judgment of nonsuit, from which this appeal is taken.

For the appellant the cause was submitted on the brief of *G. W. Adams.*

*E. H. Schweppe,* for the respondent.

NEWMAN, J. There is an insuperable objection to the maintenance of this action by the town. That is the want of title. These moneys never belonged to the town; nor were they paid to the county by any agent of the town, nor on behalf of the town. They were not raised for the town or by the town or by its authority. They were raised by direction of the county board, for the county. They were moneys understood to be due to the county from the tax-payers of the town. They were added by the county board to the county taxes which were to be collected in the town. For the purpose of collecting the county taxes, the town treasurer acts for the county. He is its agent for that purpose. The moneys collected for county taxes never go into the town treasury nor become a part of the town funds. These moneys were not derived by the county from the town, but directly from the taxpayers themselves. Whatever may be the infirmity of the county's title to them, it is clear that the town never had any right or title in them. The stipulation of facts fails to show that the county has received any of the town's money, or any for which it is accountable to the town. The judgment of nonsuit was right.

*By the Court.*— The judgment of the circuit court is affirmed.