INDIANA ROAD MACHINE COMPANY, Respondent, vs. TOWN
OF LAKE, Appellant.

*April 23—May 14, 1912.*

*Towns: Powers of town board: Purchase of road machinery: Town
orders: Validity: Stipulation: Foreign corporations: Validity of
contracts: Interstate commerce.*

1. In an action upon a town order for $200 given in part payment
   for a road roller and two road machines, a stipulation by the
   parties reciting, among other things, that defendant had ten-
   dered $150 in payment of the order, which tender was refused,
   and that "defendant has been at all times and is now ready to
   pay for the road machine and the road roller delivered to dis-
   trict No. 26" (representing $150 of the order), was an admis-
   sion of every fact essential to a valid cause of action, and the
   town cannot successfully claim that the order was not a legal
   obligation against it to the extent stated.

2. A contract between the town board of an organized town of this
   state and a foreign corporation which has not complied with
   the provisions of sec. 1770b, Stats. (Supp. 1906), for the pur-
   chase of a rock crusher previously shipped into the state and
   delivered to the consignee, who was the town chairman, did not
   involve any transaction of interstate commerce and is void.

3. In such case, a town order issued to the foreign corporation in
   part payment of the purchase price is also void.

4. A town board has no power, without express statutory authority,
   to purchase expensive machinery, such as a rock crusher, to be
   paid for by tax levies after their terms of office expire.

5. Subd. 2, sec. 1223, Stats. (Supp. 1906: Laws of 1899, ch. 83, sec.
   1), which authorizes town boards "to purchase machinery, im-
   plements, stone," etc., "on such terms as may seem proper,"
   does not confer unlimited power to purchase at their discretion,
   but, when read in connection with other statutes, means merely
   that they may so purchase when the electors have made pro-
   vision to meet the expenditure and have in fact or in effect au-
   thorized it.

APPEAL from a judgment of the circuit court for Milwau-
kee county: F. C. ESCHWEILER, Circuit Judge. *Modified
and affirmed.*

This action is brought on four town orders. The first cause of action involved an order for $200. The court permitted a recovery on this order to the amount of $150 and interest. The appellant contends that a recovery of only $50 and interest should have been allowed on this cause of action. The order was drawn for three alleged items of indebtedness: (1) a partial payment of $100 on account of a road roller purchased by the chairman of the town from the plaintiff; (2) a partial payment of $50 on a road machine purchased for road district number 26 of the defendant town; and (3) a partial payment of a like amount on the alleged purchase of a like machine for road district number 6 of the town. No complaint is made as to the decision of the circuit court in reference to the last two items. The appellant contends that the first item of $100 should have been disallowed for reasons hereinafter stated. The roller was purchased pursuant to a petition made under sec. 1223a, Stats. (Supp. 1906: Laws of 1899, ch. 83, sec. 2). No question is raised as to the sufficiency of the petition. Various defenses to this portion of the order are set up in the answer, but the points relied on to defeat recovery are: (1) the contract of purchase was signed by the chairman of the town instead of by the town board; (2) the roller was ordered shipped to Wisconsin before the contract of purchase was made, and no recovery can be had thereon because of noncompliance with sec. 1770b, Stats. (Supp. 1906); and (3) the contract being for the purchase of the machine on credit for a period of time extending beyond the term of the supervisors then in office, it was void. No question is raised in reference to the right of the plaintiff to obtain a partial recovery on the order. Under the contract of purchase it was agreed that the roller should be paid for in five equal annual instalments with interest. The order in suit was drawn to include the first payment of $100.

The second cause of action was based on a town order for $400 given in part payment for a rock crusher purchased by

the town board of the defendant town on September 23, 1907, for $1,600, to be paid in four annual instalments of $400 each, the first to become due and payable March 1, 1909. The action was brought on the order which first fell due. There was no pretense that this machine was bought by virtue of ch. 83, Laws of 1899, or that any petition had been made to the chairman requesting any such purchase. It further appeared that no action had been taken by the electors authorizing the purchase or levying any tax to pay for the same, and it also appeared that the highway taxes of the town were payable in labor. There was some testimony tending to show that the town officers used the stone crusher two or three days in the fall of 1907. A new town board was elected the following spring, and the defendant attempted to show that thereafter the machine was not used, but the court excluded the testimony. Judgment was awarded for plaintiff on this order. Defendant appeals. The decision of the court on the orders involved in the third and fourth causes of action is not complained of.

For the appellant there was a brief by *Otjen & Otjen,* and oral argument by *H. H. Otjen.*

For the respondent there was a brief by *Friedrich, Teall & Hackbarth,* and oral argument by *F. W. Teall.*

BARNES, J. The contention of the appellant in reference to the allowance of $100 on account of the road roller may be summarily disposed of. Most of the facts in the case were stipulated. The stipulation recited, among other things, that the defendant tendered $150 in payment of the order set out in the first cause of action, which tender was refused, and that "the defendant has been at all times and is now ready to pay for the road machine and the road roller delivered to district No. 26." The stipulation further provided that it should not "prevent either party from introducing evidence at the trial of this action which is not inconsistent herewith." During

the progress of the trial one of the defendant's attorneys said: "As I understand it, the stipulation governs as to the facts stated in the stipulation." To which statement one of plaintiff's attorneys said "Yes."

We have here a solemn deliberate admission that the defendant was indebted to plaintiff in the sum of $100 on account of the purchase of the roller, and that it was ready and willing to pay the same whenever plaintiff was willing to accept it. The only issue reserved for trial upon the first cause of action related to the sum of $50 included in the order on account of the purchase of a road machine for road district No. 6. On this issue the appellant prevailed. Facts might exist which would authorize the purchase of the roller. It is true that there is no recital of these specific facts in the stipulation, but when the defendant admitted that it was indebted in the sum of $100 on account of the road roller and that plaintiff was entitled to judgment therefor, it necessarily admitted the existence of every fact essential to the establishment of a valid existing cause of action. We think it is clear that the defendant should not now be allowed to successfully claim that so much of the order as was given in part payment for the roller was not a legal obligation against it. *Puffer v. Welch,* 144 Wis. 506, 129 N. W. 525.

The remaining question in the case relates to the validity of the order for $400 given in partial payment for the stone crusher, and on which the second cause of action was based. The plaintiff's Chicago agent ordered this machine to be shipped to Paul Welbes, chairman of the defendant town, on July 30, 1907. This order was made pursuant to directions received prior thereto from the defendant's Milwaukee agent, and while it does not very definitely appear what authority the agent acted on, it may be fairly assumed that the town chairman made some arrangement for the purchase of the machine. The machine was shipped to Milwaukee and was unloaded from the car in which it was shipped at about 9 o'clock on the

morning of September 23d and was taken to a point on Becher street in the city, where it was used in crushing rock for use on one of the streets in Milwaukee, for the improvement of which Welbes and one Crilly had a contract. On the evening of September 23d the members of the town board and the agent of the plaintiff met in a saloon in the defendant town and made the contract referred to in the statement of facts. This was the first action taken by the town board in reference to buying the stone crusher. None of the members of the board except Welbes knew that the machine was then in Milwaukee, or that Welbes and Crilly intended to use the same, or that Welbes had assumed the authority to order it. The machine was kept in Milwaukee until November 21st following. The extent to which the town used the machine is referred to in the statement of facts. It is admitted that the plaintiff is a foreign corporation and that it never complied with the provisions of sec. 1770*b*, Stats. (Supp. 1906), which among other things provides:

"Every contract made by or on behalf of any such foreign corporation, affecting the personal liability thereof or relating to property within this state, before it shall have complied with the provisions of this section, shall be wholly void on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

It would seem to be too plain to admit of argument that no contract for the purchase of this machine was made before the evening of September 23d. Certainly the chairman had no power to make such a contract. It seems just as obvious that this stone crusher was property within this state when the contract for the purchase was made, and that therefore the contract was made in violation of the statute, unless the machine was an article of interstate commerce when the contract was made. We have said that sec. 1770*b* was a drastic statute, but nevertheless one which the legislature had power to enact, and it is the duty of the court to enforce it as to all contracts

which run counter to its provisions. *Ashland L. Co. v. Detroit S. Co.* 114 Wis. 66, 89 N. W. 904; *Hanna v. Kelsey R. Co.* 145 Wis. 276, 283, 129 N. W. 1080.

We think it is clear that when this machine was taken from the care and custody of the carrier in Milwaukee and was received by the consignee and removed by him to the place where he intended to use it, it ceased to be an object of interstate commerce. *Brown v. Maryland,* 12 Wheat. 419, 441; *Welton v. Missouri,* 91 U. S. 275; *Emert v. Missouri,* 156 U. S. 296, 15 Sup. Ct. 367; *Hynes v. Briggs,* 41 Fed. 468; *Kehrer v. Stewart,* 197 U. S. 60, 25 Sup. Ct. 403. It is inferentially decided in *Greek-American S. Co. v. Richardson D. Co.* 124 Wis. 469, 102 N. W. 888, that where property is sold after it has reached its destination and has been delivered to the consignee, it is no longer a subject of interstate commerce. The plaintiff had delivered the machine at its destination and had parted with the possession of it, and the consignee, Mr. Welbes, had taken possession thereof, and it belonged to either Welbes or the plaintiff when the contract of purchase was made. This contract was void under the statute cited, and, being void, the town order issued in part payment of the purchase price was also void.

For another reason we think that no recovery can be had on this order. The electors never authorized the purchase of this rock crusher. The taxpayers never petitioned that it be purchased, and they had no authority to do so under the statute. Sec. 1223a, Stats. (Supp. 1906: Laws of 1899, ch. 83, sec. 2). No levy was ever made to provide for the whole or any part of the purchase price. That a town board has no power to incur an expenditure of this character to be paid by tax levies to be made after their terms of office expire, unless authorized to do so by statute, was held in *Beyer v. Crandon,* 98 Wis. 306, 73 N. W. 771, and is elementary law. Whatever authority the board had is referable to subd. 2 of sec. 1223, Stats. (Supp. 1906: Laws of 1899, ch. 83, sec. 1), which

authorizes town boards "to purchase machinery, implements, stone, gravel and other material on such terms as may seem proper." .We do not think that this very general language gives the board a *carte blanche* to buy what it pleases and agree to pay therefor when it sees fit.    This statute must be read in connection with other statutory provisions, and when so read it means that such power may be exercised when the electors have made provision to meet the expenditure and have in fact or in effect authorized it.    Sec. 823, Stats., as amended by ch. 264, Laws of 1907, provides that no town order shall be issued until the tax for the payment of such order shall have been voted by the electors, and that no town board shall authorize the issue of any order in a sum exceeding the amount which the town is authorized to appropriate for the purpose for which the order is issued.    The law further provides that each order drawn shall state the purpose for which it was drawn, the fund against which it is drawn, the amount appropriated to such fund, and the amount remaining therein in excess of the amount of the orders drawn against the same. This statute, as well as others that might be enumerated, aims to place towns on substantially a cash basis and to prevent the incurring of any indebtedness or the expenditure of any money within any one year in excess of the amount of money levied by the electors for such purpose.    Provision is made for the making of certain emergency expenditures by the board and for incurring indebtedness extending over a series of years in certain cases, but the rock crusher was not and could not have been purchased under any of these provisions.    We hold that the power to purchase machinery "on such terms as may seem proper" did not authorize the purchase here made.

*By the Court.*—The judgment is modified by striking therefrom the sum of $497.27, being the amount of said $400 order with interest thereon included in said judgment, and as so modified the judgment is affirmed.    The appellant is allowed costs in this court.