FIRST NATIONAL BANK OF NEILLSVILLE, Plaintiff and Respondent, vs. TOWN OF YORK, Defendant and Appellant: THE FIRST NATIONAL BANK also appeals against the JOINT SCHOOL DISTRICT, Defendant and Respondent.

*June 5—June 29, 1933.*

For the appellant town of York there were briefs by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, and oral argument by *Harold E. Stafford.*

*V. W. Nehs* of Neillsville, attorney, and *Herman Leicht* of Medford of counsel, for the respondent First National Bank.

*H. G. Haight* of Neillsville, for the respondent Joint School District.

NELSON, J. The facts are not in dispute. The plaintiff is a national bank. The defendant town of York is a duly organized town. The defendant Joint School District No. 4 of the City of Neillsville (hereafter called the district) is a duly organized school district in which a high school is maintained. Certain pupils residing in the town of York and not within a high school district attended the Neillsville high school. The clerk of that district duly filed with the clerk of the town of York the claim of the district for the amount of the tuition to which it was entitled. Sec. 40.47 (5), Stats. The clerk of the town entered the amount of the district's claim upon the next tax roll and the treasurer of the town of York collected the taxes levied. Sec. 40.47 (6). The town treasurer, however, did not pay over to the district the taxes collected by him for it. The chairman and the clerk of the town of York, pursuant to a practice which had prevailed in the town for a number of years, issued a town order to the district for $1,115, the amount of its claim. This order was delivered to the district. It was thereafter indorsed by its treasurer and delivered to the plaintiff. The plaintiff credited the account of the district with the amount of the order and the district thereafter withdrew and used for school purposes the moneys so credited to it.

After the order was received by the plaintiff it was sent to the Granton State Bank where it was payable. Wilson Mallory, who was the treasurer of the town of York, was also assistant cashier of the Granton State Bank. The order was not paid by the bank or by the treasurer of the town of York. It was returned to the plaintiff and thereafter carried by it as a loan to the town of York. Later on in the year the order was again presented to the Granton State Bank for payment but payment thereof was refused. Some time

thereafter this action was commenced against both the town of York and the district to recover the amount of the order and interest. The plaintiff seeks recovery from the town on the order, or from the district on the theory that the district has had and received moneys of the plaintiff. The court dismissed the action as to the school district and entered judgment against the town of York for the amount of the order, together with interest.

The questions to be determined on this appeal are (1) whether the court erred in permitting the bank to recover the amount of the order from the town, and (2) whether the court erred in dismissing the action against the district, thereby denying to the plaintiff recovery from it.

(1) In our opinion the court erred in entering judgment against the town. Under sec. 40.47 (5) it is the duty of the clerk of a high school district which has received tuition pupils from outside the district to file with the clerk of each municipality from which any tuition pupils have been admitted, a verified claim against the municipality setting forth certain data respecting the pupils admitted, the amount of tuition to which the district is entitled for each pupil, and the aggregate sum for tuition due the district from the municipality. Under sec. 40.47 (6) it is the duty of the municipal clerk to enter upon the next tax roll such sums as may be due for such tuition from his municipality, and it is the duty of the municipal treasurer to collect such taxes and to pay the amount thereof to the treasurer of the high school district. Sub. (6), among other things, specifically provides that if a portion of such municipality forms a part of a high school district the taxable property in that portion shall be exempt from such tuition tax. Under the law of this state it must be held that a town treasurer, when he collects taxes from a school district for high school tuition, acts as the agent of the school district and the moneys so collected belong to the school district, not to the town in which they are

collected. *Westboro v. Taylor County,* 90 Wis. 355, 63 N. W. 287; *Schlesinger v. County of Milwaukee,* 42 Fed. (2d) 21; *State ex rel. Sheboygan v. Sheboygan County,* 194 Wis. 456, 216 N. W. 144; *Appleton v. Outagamie County,* 197 Wis. 4, 220 N. W. 393; *Sheboygan County v. City of Sheboygan,* 209 Wis. 452, 245 N. W. 87. This being so, it was the duty of the town treasurer to pay over to the district the amount of the taxes collected by him for it. The money collected by him for the district in no sense belonged to the town, and no resolution or authorization by the town board was required to permit the town treasurer to pay to the district the taxes collected by him for it. In such a situation and upon due demand that payment be made, the town treasurer and his bondsmen become liable to the district for the taxes collected.

It appears that the practice of issuing a town order on the treasurer for amounts collected for a high school district prevailed in the town of York. In compliance with that practice an order, payable to the district, was issued by the chairman and clerk of the town and delivered to the district. The practice of issuing town orders to cover moneys collected by the treasurer for a school district finds no support in the law and an order so issued is illegal and void. Sec. 60.35 provides when town orders may be issued and what shall be incorporated therein. It has been held that compliance with the law relating to the issue of town orders is mandatory and that orders issued without authority are absolutely void. *Hubbard v. Lyndon,* 28 Wis. 674; *Reeve v. Oshkosh,* 33 Wis. 477; *Indiana Road Machine Co. v. Lake,* 149 Wis. 541, 136 N. W. 178; *Swiss v. United States Nat. Bank,* 196 Wis. 171, 218 N. W. 842.

Sec. 60.29 provides that the town board is empowered (2) to draw all orders for the payment of money out of the town treasury for purposes allowed by law *except for the*

*support of schools.* We have no doubt that the order issued by the chairman and clerk of the town of York in purported payment of the district's claim was wholly unauthorized and was therefore illegal and void. No recovery on the order can be had by the plaintiff against the town.

The school district, however, received the void order, delivered it to the plaintiff, received credit therefor, and thereby obtained from the plaintiff moneys belonging to it to which the district was not entitled. There can be no doubt that the plaintiff is entitled to recover from the district the moneys paid by it to the district as moneys had and received. *Steuerwald v. Richter,* 158 Wis. 597, 149 N. W. 692; *Sheboygan County v. City of Sheboygan,* 209 Wis. 452, 245 N. W. 87.

So far as the present record reveals, the moneys collected by the town treasurer for the district may still be in the hands of the present town treasurer, although there is evidence to the effect that Wilson Mallory, the former town treasurer, was short in his accounts and that his bondsmen paid into the Granton State Bank a considerable sum of money. If it shall appear upon the trial of certain issues raised by the pleadings which were not determined on the former trial that the present town treasurer still has in his hands moneys belonging to the district, he should be required to pay the same over to the district. If it shall appear that the former treasurer, who is now deceased, converted such moneys to his own use, his estate and his bondsmen may be liable to the district upon being made parties to this action. If it shall appear that the taxes which were collected by Wilson Mallory as town treasurer for the district were used by the town of York for municipal purposes, then the district should have judgment on its cross-complaint against the town for so much of the moneys belonging to the district as were used by the town for municipal purposes. *First*

*Wisconsin Nat. Bank v. Catawba,* 183 Wis. 220, 197 N. W. 1013; *Swiss v. United States Nat. Bank, supra.*

*By the Court.*—Judgment reversed, with directions (1) to dismiss the complaint against the town of York; (2) to enter judgment in favor of the plaintiff and against Joint School District No. 4 of the City of Neillsville and Town of Pine Valley for the sum of $1,115, together with interest at the legal rate from the time payment was demanded by the plaintiff from the district; (3) to permit the district to make the estate of Wilson Mallory, the bondsmen who were on his bond as treasurer, and the town of York, parties to this action to the end that all issues between the respective parties may be fully determined; and (4) to grant a new trial as to the undetermined issues now raised and to be raised between the parties.