FIRST NATIONAL BANK OF NEILLSVILLE, Plaintiff and Respondent, vs. TOWN OF YORK, Defendant and Appellant: THE FIRST NATIONAL BANK also appeals against the JOINT SCHOOL DISTRICT, Defendant and Respondent.

*June 5—June 29, 1933.*

For the appellant town of York there were briefs by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, and oral argument by *Harold E. Stafford.*

*V. W. Nehs* of Neillsville, attorney, and *Herman Leicht* of Medford of counsel, for the respondent First National Bank.

*H. G. Haight* of Neillsville, for the respondent Joint School District.

The following opinion was filed June 29, 1933:

NELSON, J.   The facts in this case are in many respects similar to those involved in First National Bank of Neillsville against the Town of York and School District No. 4 of the Village of Neillsville, decided this day (*ante,* p. 264, 249 N. W. 513).   The facts in this case relating to the issues between the plaintiff and the district are different and require a different holding as to that particular controversy.   The plaintiff is a national bank.   The defendant

Town of York is a duly organized town. The defendant Joint School District No. 4 of the Village of Granton and Towns of York and Grant is a duly organized school district in which a high school is maintained. Certain pupils residing in the town of York and not within a high school district attended the Granton high school. The clerk of the district duly filed with the clerk of the town of York a claim for the amount of the tuition to which it was entitled. Sec. 40.47 (5), Stats. The clerk of the town entered the amount of the district's claim upon the next tax roll and the treasurer of the town of York collected the taxes levied. The town treasurer, however, did not pay over to the district the taxes collected by him for the district. The chairman and the clerk of the town of York, pursuant to a practice which had prevailed in the town for a number of years, issued a town order to the district for the amount of its claim. This order was delivered to the district. It was thereafter indorsed by its treasurer and delivered to Wilson Mallory at the Granton State Bank, who was the assistant cashier thereof and also the treasurer of the town of York. The Granton State Bank credited the account of the district with the amount of the order and the district thereafter withdrew and used for school purposes the moneys so credited to it.

The order was not charged to the town treasurer's account in the Granton State Bank, but within a day or two it was forwarded to the plaintiff by the Granton State Bank. The plaintiff either paid the amount of the order to the Granton State Bank or credited it with that amount. Thereafter the order was presented to the Granton State Bank, where it was payable, and/or to Wilson Mallory, the town treasurer. It was not paid, but was returned to the plaintiff and thereafter treated by it as a loan to the town of York. Thereafter this action was commenced against both the

town of York and the district to recover the amount of the order and interest.

The plaintiff seeks recovery from the town on the order, or from the district, on the theory that the district has had and received moneys of the plaintiff. The court dismissed the action as to the school district and entered judgment against the town of York for the amount of the order, together with interest.

The questions to be determined on this appeal are (1) whether the court erred in permitting the bank to recover the amount of the order from the town, and (2) whether the court erred in dismissing the action against the school district, thereby denying recovery by the plaintiff from it.

(1) As to the first question it must be held that this case is ruled by the decision in *First National Bank of Neillsville v. Town of York and Joint School District No. 4 of the City of Neillsville,* decided this day (*ante,* p. 264, 249 N. W. 513). The order in this action was, for the reasons stated in the other opinion, illegal and void, and the plaintiff cannot recover on it.

(2) The second question to be determined in this case is not ruled by the other decision. In the other action it appeared that the Neillsville school district delivered a void order directly to the plaintiff therein and thereby obtained credit for the full amount of the order which it thereafter checked out and used for school purposes. In the present case the district did not obtain moneys from the plaintiff but did obtain them from the State Bank of Granton. The void order issued by the town of York to the district was taken to the State Bank of Granton or to Wilson Mallory, he being the assistant cashier of that bank and also the treasurer of the town of York. The order was handed to Mr. Mallory at the bank and the district was credited

by the bank with the amount thereof. The order was not charged to Mallory's account as town treasurer but was forwarded to the plaintiff, which credited the Granton State Bank with the amount of the order and thereafter treated the order as a loan to the town of York. It therefore appears from the undisputed facts that the district has not had or received any of the plaintiff's moneys and therefore the plaintiff cannot recover from the district on the theory that the district has had and received moneys belonging to the plaintiff which in good conscience it should not retain.

If there were in the record evidence tending to show that Mr. Mallory, when forwarding the order to the plaintiff, acted for the district rather than for the Granton State Bank, a different conclusion might follow. There is nothing in the record to show that Mr. Mallory acted for the school district, or pursuant to an arrangement with it, whereby the plaintiff was to cash the order and carry it as a loan pending its payment by the town treasurer. Mr. Mallory died prior to the time of the trial. The testimony of the district treasurer does not support a conclusion that Mallory acted as the agent of the district. In the situation revealed by the record, the plaintiff's claim for money had and received is against the Granton State Bank, which, according to the evidence, is defunct and may be now fully liquidated. It was the Granton State Bank that obtained the plaintiff's moneys on the void order. The plaintiff can therefore look to the Granton State Bank for redress. The Granton State Bank, or the commissioner of banking if the bank is still in his charge, must look to the district. The district in turn may look to the estate of the town treasurer and to his bondsmen, or may recover from the town of York, in case it may be shown that the tax moneys, or any part thereof, collected by Wilson Mallory as town treasurer were

used by the town of York for municipal purposes... It may be that the parties will stipulate to try the undetermined issues, after bringing in such additional parties as are necessary in order that the several controversies may be fully determined. If that is not done the present action will have to be dismissed.

*By the Court.*—Judgment reversed as to the Town of York and affirmed as to Joint School District No. 4 of the Village of Granton and Towns of York and Grant.

A motion for a rehearing was denied, with $25 costs, on September 12, 1933.