Chalupnik, Respondent, vs. Savall and others, Appellants.

*October 10—November 5, 1935.*

For the appellant Town of Portland there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Walter H. Farnsworth.*

For the appellants Melvin Savall, A. W. Hankee, Martin Berg, Otis Thorson, and L. O. Thorson there was a brief by *Gleiss & Goodman* of Sparta, and oral argument by *L. J. Goodman.*

For the respondent there was a brief by *Masters & Hansen* of Sparta, and *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Ray B. Graves* and *L. A. Hansen.*

WICKHEM, J. This was an action under sec. 40.10, Stats., which prescribes the powers and duties of a school district treasurer. Sec. 40.10 (2) (a), authorizes suit by the treasurer of a school district "for all money appropriated to or collected for the district." The complaint alleges that during the school years 1930–1931 and 1931–1932, certain persons of school age, residing in the town of Portland, attended and were enrolled in the Cashton high school, operated by the school district of which plaintiff is treasurer; that pursuant to sec. 40.47 (5), Stats., the clerk of the school district filed with the clerk of the town of Portland, prior to July, 1931, the verified claim of the school district against the town of Portland for the tuition of these pupils, and that

prior to July, 1932, the clerk of said district filed a like verified claim for the school year 1931–1932. It is alleged that the amounts of these claims were duly entered upon the next tax roll and collected by defendant in his capacity as town treasurer. Demand is duly alleged, as well as the default of the defendant to pay over the sums thus collected, except the sum of $1,956. The demand of the complaint is for the balance.

The answer of the defendant town treasurer denied knowledge or information sufficient to form a belief, (1) as to the number of nonresident students attending Cashton high school during the years in question; (2) as to the amount of tuition for such nonresident students for such school years; and (3) whether verified claims were filed as alleged in the complaint. It was further alleged that the town of Portland, by its proper officers, ordered the money raised for tuition to be deposited in the general fund of the town, to be paid out only on authority of the town board and upon order duly signed by its chairman and clerk; that it further ordered that no portion of the money raised for tuition of pupils attending Cashton high school be paid to the Cashton high school district; that in consequence thereof, defendant was and is unable to comply with plaintiff's demands. Upon being impleaded, the town of Portland filed an answer and pleaded in abatement, (1) a denial that verified claims were filed as alleged in the complaint and required by law; and (2) that any such claim was audited or allowed by the supervisors of defendant town. As a plea in bar, it denied the capacity of plaintiff to sue, and repeated its denial that any verified claim was filed. It admits that the clerk of the town spread upon the tax roll, levied, assessed, and prorated an aggregate sum for payment of tuition due various high school districts whereat persons residing in the town of Portland had attended during each of the school years in question, but it alleges that no part thereof was specifically levied

and appropriated for payment of tuition, if any, due to the Cashton high school district. It further denies that any verified claim was ever acted upon or allowed as required by law. It sets forth that in prior years overpayments of tuition had been made to the Cashton high school district, which should be treated as in satisfaction of its claim for tuition for the years referred to in the complaint. The answer further admits that the sum of $1,956 was paid to said school district as alleged in the complaint; alleges that this payment was unlawfully made upon a void town order; that if it was valid the same was in full payment and satisfaction of all tuition due said district for such year. By way of counterclaim the defendant town sets up overpayments to the Cashton school district for the years 1927–1928, 1928–1929, and 1929–1930. The amended answer of the town treasurer and his sureties is in substance identical with that of the town, both as to matters of defense and counterclaim, and in addition contains the usual cross complaint asking for judgment over against the town of Portland in the event the defendant treasurer is held liable to plaintiffs. There is no issue upon the cross complaint. The plaintiff demurred to the answer of the town of Portland on the ground that the same does not state facts sufficient to constitute a defense; to the counterclaim on the ground that it fails to state a cause of action, and because it is not pleadable as a counterclaim. This demurrer was sustained and summary judgment ordered against the defendant town treasurer.

There are two assignments of error: (1) That the court erred in ordering summary judgment in favor of plaintiff against the town treasurer; and (2) that it erred in sustaining plaintiff's demurrer to the answer and counterclaim of defendant town. In connection with his motion for a summary judgment against the defendant town treasurer, plaintiff produced affidavits to the effect that verified claims were filed with the clerk of the town of Portland, and to the effect

that this filing was in full conformity with the statutory requirements. No counteraffidavits were filed, and for the purposes of the summary-judgment law, it must be concluded that plaintiff established, by virtue of the pleadings and affidavits, (1) that a certain number of pupils from the town of Portland attended Cashton high school during the school years in question; (2) that properly verified claims for each of these years were duly and timely filed with the clerk of the town, as required by sec. 40.47 (5), Stats.; that these amounts were entered upon the tax roll and collected by the defendant treasurer. Dismissing, for the moment, the counterclaim, this established every fact material or necessary to plaintiff's recovery. We have recently held in *First Nat. Bank v. York,* 212 Wis. 264, 249 N. W. 513, that in such a situation as is here presented—

"The money collected by him [the town treasurer] for the district in no sense belonged to the town, and no resolution or authorization by the town board was required to permit the town treasurer to pay to the district the taxes collected by him for it. In such a situation and upon due demand that payment be made, the town treasurer and his bondsmen become liable to the district for the taxes collected."

See also to the same effect *Conover v. Eagle River Joint U. F. H. S. District,* 211 Wis. 470, 248 N. W. 429.

Very persuasive and able arguments seeking first to distinguish and then to overrule these cases have been made. These are principally based upon the contention that a school district, such as plaintiff, is not in the same position as the county or some arm of the government; that its verified claim is not a certification of taxes to be assessed by the town for the school district, but constitutes a claim against the municipality; that while the municipality is directed in a proper situation to place the amount of the claim upon the tax roll, and collect it, it is fundamentally a claim against the municipality. It is contended to follow from this that

the claim must be audited and allowed before it can validly be placed on the tax roll; that it must satisfy the statutory requirements before a valid tax can be levied, and that the obligation of the municipality is to pay a debt due from it to the school district, rather than to act as a collecting agent for a tax imposed by the school district. It may very well be that at the outset the tuition constitutes, in a sense, a claim against the municipality, and that the school district, in the event the claim is denied by the town and a refusal to place it upon the tax roll, may have a cause of action upon a claim against the municipality. *Columbus v. Fountain Prairie,* 134 Wis. 593, 115 N. W. 111; *Free High School District v. Fountain Prairie,* 154 Wis. 564, 143 N. W. 657. However this may be, and it is not necessary to pursue the subject further in this opinion, it is clear that whatever obligation the town may be under at the time the verified claim is filed, it discharges this claim by inserting the amount upon the tax roll and collecting it from the taxpayers on behalf of the school district. When the money comes into the town treasurer's hands, it is the property of the school district and not of the town. If the treasurer misappropriates this amount, or fails to turn it over to the school district, his bondsmen are liable. If the town, as in this case, has diverted the money and converted it to its use for municipal purposes, the town is also liable.

In the brief of the defendant town some reliance is had upon certain statements in the opinion in *First Nat. Bank v. York, supra,* to the effect that "if it shall appear . . . that the . . . town treasurer still has in his hands moneys belonging to the district, he should be required to pay the same over to the district," and "then the district should have judgment . . . against the town for so much of the moneys belonging to the district as were used by the town for municipal purposes." These two statements may be somewhat misleading. It was not intended to hold, nor was it held, in

the *York Case* that the liability of the treasurer only exists so long as he had funds in his hands belonging to the district. This meaning is repudiated by the sentence following that quoted, to the effect that if it shall appear that the town treasurer converted such moneys to his own use, his estate and bondsmen may be liable to the district. We concede, however, that the opinion is open to the construction that the treasurer is not liable if his misappropriation consists of permitting the town to use the funds for municipal purposes. We think it important that this impression be corrected. The treasurer is responsible for any diversion of the funds from the school district, whether this constitutes a conversion to his own use, or a misapplication of them to the municipal purposes of the town. It is contended by defendants that if there was no verified claim filed, there can have been no valid tax. We find no occasion for discussing this, in so far as the motion for summary judgment is concerned, because in the case of the defendant treasurer, the affidavits establish clearly that verified demands were filed, and there is no issue of fact on that score. We shall have occasion to make some comment upon this point in connection with the next assignment of error.

It is our conclusion that it appearing from the pleadings and affidavits that there is no issue of fact, as between the defendant treasurer and the school district, and the law applicable to these facts having been settled by the *York* and *Conover Cases,* the court properly granted the summary judgment.

It next becomes necessary to consider the second assignment of error. Addressing ourselves to the defensive matter set up in the answer, we are confronted with precisely the same point raised on summary judgment, with one exception. While in the case of the town treasurer the fact of the proper filing of verified demands must be taken as a verity, due to the affidavits filed under the summary-judg-

ment motion, this assignment of error has to do with the propriety of sustaining a demurrer to the answer of the defendant town. While it may seem somewhat anomalous that this court should treat the answer as putting in issue a fact that, under the summary-judgment law must be accepted as a verity as against the town treasurer, there are substantial reasons for a different conclusion. Plaintiff made no demand upon the defendant town, either for an ordinary judgment or a summary judgment, and there was no occasion for the town to file counteraffidavits showing a genuine issue of fact on this point. For this reason, we will consider the fact that verified demands were duly filed with the town clerk, as in issue under pleadings by plaintiff asserting this fact, and an answer by the defendant town denying it. In this state of the record, we think the case is ruled by the following cases: *State ex rel. Sheboygan v. Sheboygan County,* 194 Wis. 456, 216 N. W. 144; *Appleton v. Outagamie County,* 197 Wis. 4, 220 N. W. 393; *State ex rel. Sheboygan County v. Telgener,* 199 Wis. 523, 227 N. W. 35; *Conover v. Eagle River Joint U. F. H. S. District, supra.* Under the doctrine of these cases, the municipality has no interest in the funds collected for the school district, and no standing to raise the issue that the tax was illegally assessed. The tax having been assessed, and being beyond the attack of the municipality, the failure to file a verified claim or to audit the same becomes immaterial. This being true, the defensive matter set forth by the answer both in abatement and bar raises no material issue.

What has been said heretofore likewise disposes of the set-off and counterclaim. In discussing both the counterclaim and answer, we find no occasion to consider the contention of plaintiff that the town has no standing to file an answer in this case because no relief is demanded of it by the complaint, and that it has no standing to file a counterclaim because a counterclaim implies that a claim has already been

made against the party so filing. Nor do we find it necessary to consider whether the cause of action attempted to be set forth by the counterclaim is properly pleadable as a counterclaim. A cursory examination of the counterclaim indicates that it is wholly based upon overpayments of the non-resident tuition paid during three prior school years to the plaintiff. The whole basis of the counterclaim is that the sums collected belong to the town; that the town owes a certain amount to the school district; that it may recover in a separate action on a counterclaim for payments in excess of that which the district was entitled to collect. The whole foundation for this is repudiated by what has preceded in this opinion. No part of the amount collected belongs to the town. If there is an overpayment, the town has not overpaid; it has simply collected on behalf of the district more money than it properly should, but the money having been collected, belongs to the district, and the injury, if any there be, is to the individual taxpayer who has overpaid his tax in consequence. For this reason, the controversy, if any, is between the individual taxpayer who has saved his right to complaint and the school district.

This disposes of the only assignments of error raised, and there is no occasion to consider or speculate upon the situation created by the fact that a summary judgment has been granted upon the complaint without any account being taken of the defendant treasurer's cross complaint against the town. There was, of course, no issue upon this cross complaint, and it was conceded in the briefs filed by the defendant town that it was liable over to the treasurer. We make no comment upon this, further than to state that neither what has heretofore been said nor the judgment herein, operates to prejudice the rights of the defendant town treasurer to pursue his remedy against the defendant town.

*By the Court.*—The orders and judgment are affirmed.