STATE EX REL. SHEBOYGAN COUNTY and another, Appellants, vs. TELGENER, City Treasurer, and others, Respondents.

*September 11—October 8, 1929.*

*Herman C. Runge,* district attorney for Sheboygan county, and *Charles Voigt,* special counsel for Sheboygan county, for the appellants.

*A. H. Gruhle,* city attorney, and *Wm. B. Collins,* special counsel, both of Sheboygan, for the respondents.

The following opinion was filed October 8, 1929:

CROWNHART, J. It appears without dispute that the city treasurer of the city of Sheboygan collected $66,360.50 in the tax levy of the county of Sheboygan for the year 1926, and that he refused to turn the same over to the county treasurer, according to law, on the theory that the amount of the tax was illegally authorized and levied by the county. The city of Sheboygan sought to test the question of the illegal levy by *certiorari,* but this court held that the city of Sheboy-

gan had no interest in the funds so collected, and that it was not a proper party to an action to test the legality of the tax. *State ex rel. Sheboygan v. Sheboygan County,* 194 Wis. 456, 216 N. W. 144.

The city treasurer collected the tax and deposited the funds with other funds collected and held by him for the city of Sheboygan, in the city depositories, where they now are.

It appears without dispute that, according to custom, such money will only be paid out of the depositories upon the signature to an order-check of the mayor, city clerk, comptroller, and city treasurer.

Upon a petition setting forth the facts, the circuit court issued an alternative writ, to which the defendants made return, and the relators filed a reply to such return. The court thereupon decided that there was no issue of fact to be determined, and made and filed its findings of fact as conceded by the pleadings.

Under sec. 74.15, Stats., the city treasurer shall pay to the county treasurer the sum so directed to be paid in his warrant to collect, as provided by law, and under sec. 74.22, Stats., if he fails to make payment as provided by law, he is subject to the penalty therein named. There can be no question that it is the clear legal duty of a city treasurer to pay over to the county treasurer the amount of moneys collected by him for county purposes. *Appleton v. Outagamie County,* 197 Wis. 4, 14, 220 N. W. 393. In this proceeding it stands admitted that the city treasurer did collect for the county the amount demanded, and did fail, and now refuses, to turn the same over to the county treasurer.

It appeared that the common council of the city of Sheboygan passed a resolution directing the treasurer not to pay the funds over to the county treasurer, and the other city officers refuse to sign the order-checks accordingly.

The duties of the city treasurer are statutory. Under the statutes his duty was to turn this money over to the county

treasurer. The city had no interest in the fund, and is not properly the custodian of the fund. The city was wholly without authority to direct the city treasurer to disregard his statutory duties, and the resolution attempting to do so was void and of no legal effect. Therefore it seems to be the clear duty of the city treasurer and all parties having the fund under control to turn this money over to the county treasurer forthwith.

But it is said that the relators have a specific, adequate remedy under sec. 74.22, Stats., which gives the county treasurer the right to bring an action against the city treasurer on his official bond, to recover the funds so withheld. Ordinarily this would be an adequate remedy, and quite generally, where a statute prescribes a remedy, it is held that such remedy is exclusive, although the authorities are not uniform to that effect. But it appears in this case that the city treasurer gave no bond to the county; on the other hand, the only bond attempted to be given was one signed by the mayor, city clerk, and comptroller, attempting to bind the city of Sheboygan as surety for the city treasurer to the county. Sec. 70.67, Stats., provides that the city treasurer shall give a bond with sureties to the county treasurer. No such bond was given. Clearly, this was ineffective to bind the city, as the city had no authority to become a surety for its city treasurer. 44 Corp. Jur. p. 75; 19 Ruling Case Law, p. 1062, § 351; 2 Dillon, Mun. Corp. (5th ed.) p. 1232, § 814. The document was not signed by the city treasurer. It further appears that the city treasurer is not financially responsible for the amount of the fund in question. Such being the facts, it very clearly appears that the county has no other adequate and efficient remedy except by *mandamus*.

"To exclude resort to *mandamus* on the ground that the relator has another remedy, such remedy must be an adequate one and well adapted to remedy the wrong complained of; if it is inconvenient or incomplete the court exercises a sound discretion in granting or refusing the writ. Another remedy

tedious and not so well adapted to the nature of the case as that by *mandamus* will not operate to prevent resort to the latter remedy, and it is said the other remedy must be one competent to afford relief upon the very subject matter involved, that it must not only be adequate but specific." 18 Ruling Case Law, p. 132, § 45.

If we apply these principles to the facts here presented, it seems clear that the writ should have issued. The city treasurer had failed to perform his clear legal duty to turn over to the county the funds collected by him for the county. The statute fixing the duty prescribed a penalty against the treasurer personally for failure to perform such duty, and provided that such penalties and the principal might be collected in an action on the treasurer's bond. Here, however, the treasurer had given no bond and no such action could be maintained on the bond, and the treasurer is not financially responsible. It therefore appears that the statutory action is not efficient or adequate, and *mandamus* is the proper remedy.

Our attention is called to the case of *Rinder v. Madison*, 163 Wis. 525, 158 N. W. 302, as holding that the city is a proper party to the proceeding, and may sue defendant on the ground of the illegality of the tax. That case was not brought to our attention in the case of *State ex rel. Sheboygan v. Sheboygan County*, 194 Wis. 456, 216 N. W. 144. However, we do not consider it controlling, as the question decided in the *Sheboygan Case* was not raised or decided there. In the *Rinder Case, supra,* submitted on stipulation, it was assumed by all concerned that the city was a proper party to raise the question of the constitutionality and interpretation of the act under which the tax was levied. In the *Sheboygan Case, supra,* speaking of other cases cited, we said:

"The relators cannot rely upon the fact that similar actions have been maintained in which the right of the municipality to prosecute such actions was not questioned, because the

question now under consideration was neither raised nor considered in those cases. Such decisions are not authority either way upon this question."

We adhere to that ruling. We have not overlooked *State ex rel. McCurdy v. Tappan*, 29 Wis. 664, 686, where it was held that a town clerk could not be compelled by *mandamus* to levy a town tax purported to be authorized by a void statute. It is not applicable to the present situation.

The respondents earnestly contend that the county should not be permitted to profit by its own wrong in levying an illegal tax, citing *Stamper v. Hopkins*, 184 Wis. 129, 197 N. W. 929. That was a case where a town, having collected an illegal tax, proposed to pay it out for an illegal purpose. Here the tax, if illegal, was so only because the county levy for a lawful purpose was in excess of the amount permitted by statute. The taxpayers did not object to such excess but paid the same without protest. It must be assumed that the county will use the tax for the purpose for which it was levied, that is, for a lawful purpose,—the purpose for which the taxpayers willingly paid the tax. That is the purpose to which the fund should be devoted, and the city nor its officers have any legal or moral claim to divert the funds from that purpose.

The application for the writ in this case seeks to compel the payment by the city treasurer of the penalties provided by statute. These penalties are the personal liabilities of the city treasurer and do not lie against his successor in office. They are statutory and the remedy therefor is statutory, which remedy may only be pursued as provided by the statute imposing them. However, the writ may issue as to the principal sum, and the penalties may be disregarded. 38 Corp. Jur. p. 932. It has long been held in this state that a proceeding by *mandamus* is essentially a civil action, and the rules of practice as to civil actions apply. *State ex rel. Milwaukee County v. Buech*, 171 Wis. 474, 486, 177 N. W. 781.

Since the trial in the circuit court the defendant city treasurer, Telgener, died, and the defendant John Kummer, city comptroller, has retired from office, and they have been succeeded in office by Ernst Stolzenburg, treasurer, and Wilbur A. Brehm, comptroller. The writ should issue against such successors in office. They were duly notified of the pendency of the appeal in this court.

*By the Court.*—The judgment of the circuit court is reversed, with directions to issue a peremptory writ of *mandamus* as here indicated.

A motion for a rehearing was denied, with $25 costs, on December 3, 1929.