Board of Education, Appellant, vs. City of Racine, Respondent.

*May 15—October 13, 1931.*

For the appellant there was a brief by *Foley & Brach* of Racine and *Benjamin Poss* of Milwaukee, and oral argument by *Mr. Poss* and *Mr. Gilbert E. Brach.*

*Martin R. Paulsen* of Racine, for the respondent.

FAIRCHILD, J.   The determination of the action brought by appellant depends upon the ownership of the money described in the complaint and which yielded the interest collected by the respondent.

There are different methods or plans for school management recognized by the legislature of this state.   In some instances school districts as separate municipal entities have been created and in some instances other subdivisions of government provide for the school, thus "utilizing an existing municipality as a medium for the administration of educational affairs."   The one under which the city of Racine is operating gives to the common council the ultimate control of tax and property matters.   The statutes referred to in the statement of facts have recently been considered by this court, and in an opinion written by Mr. Justice OWEN there is a thorough and careful review of these sections and the purposes sought to be accomplished by their enactment.

*State ex rel. Board of Education v. Racine, ante,* p. 389, 236 N. W. 553.

The law regulating the school affairs in which the appellant and respondent are interested places upon the common council the full supervision of the tax burdens and withholds from the board of education any authority to levy a tax for school purposes. The duty of the board of education is to estimate the expenses of the city schools and prepare a budget which shall be submitted to the common council. It then becomes the duty of the common council to consider such estimate, and by resolution to determine and levy the amount to be raised by city taxation for the purposes of the school during the ensuing year. The board of education, which the section contemplates will be composed of persons of peculiar fitness and qualifications and dominated by an interest in the organization and effectiveness of the schools, possessing an understanding of the course of study and general needs of the schools, is an advisory as well as a limited administrative body.

The provisions of ch. 40 of the Statutes and such allied sections as relate to the power of the council to remove members of the school board, of the mayor to fill vacancies, giving the city power to issue bonds for the construction of school buildings, and providing for the condemnation of lands, providing that deeds and leases taken by the school board shall be in the name of the city, and the title to all school property to vest in the city, lead rather irresistibly to the conclusion that it was the legislative purpose, in situations such as exist in Racine, to have school affairs a municipal function and the board of education merely a city agency. The board of education being given this place in the general educational scheme, has great powers over the schools, but these powers are to be exercised and the interests intrusted to the members thereof are to be served by them as officers of the municipality.

Title to the accretions of a fund usually follows title to the fund, the owner of one generally being the owner of the other. Under the statutes regulating school affairs of the respondent, the fund and its earnings described in the complaint belong to respondent, and the learned trial court ruled correctly in holding the complaint insufficient.

It is our conclusion that where schools are operating under the city school plan the city owns the funds and property used in connection with its school system. Sec. 40.53 (6), Stats., specifically provides that "deeds and leases taken shall be in the name of the city, and the title to all school property shall vest in the city."

There is an absence of any language in the statutes referred to manifesting any legislative intent to create a school district here which would amount to an entity separate and distinct from the city. No purpose appears to warrant the assumption that the legislature intended that the city should have title to the school property and at the same time the school district have title to the funds. The contrary is shown by the method followed in arranging for the raising of school moneys. The board of education is to advise the council of its needs, the council is to decide how much of the requested amount for school purposes it will approve, and then the council is to provide for the raising of the amount. When this amount is raised the bills are paid upon proper certificate issued by the proper officers of the board of education drawn upon the city's resources. The title to the fund and the ownership of the interest being in the city and all this appearing on the face of the complaint, no cause of action for the accounting was stated.

*By the Court.*—Judgment affirmed.