COUNTY OF SHEBOYGAN, Appellant, vs. CITY OF SHEBOY-
GAN, Respondent.

*October 13—November 9, 1932.*

*Herman C. Runge,* district attorney of Sheboygan county,
and *Charles Voigt,* special counsel, for the appellant.

For the respondent there was a brief by *Arthur H. Gruhle,*
city attorney of Sheboygan, and *H. S. Humke,* special coun-
sel, and oral argument by *Mr. Gruhle.*

NELSON, J.: This action is doubtless the last litigation that will result from a certain highway tax levied by the supervisors of Sheboygan county in 1926. Two different appeals involving questions growing out of said tax levy have been before this court. In the first action, *State ex rel. Sheboygan v. Sheboygan County*, 194 Wis. 456, 216 N. W. 144, the city sought by *certiorari* to question the validity of the tax. It was held that the city had no such interest in the tax as would permit it to maintain that action. In the second action, *State ex rel. Sheboygan County v. Telgener*, 199 Wis. 523, 227 N. W. 35, the county sought to compel the city treasurer by *mandamus* to pay over to Sheboygan county the county taxes collected by him. It was held, under the peculiar circumstances shown to exist, that *mandamus* was a proper remedy and that the county had no other adequate and efficient remedy.

This action is brought to recover the sum of $4,470.15 which the city of Sheboygan received from its designated depositories, as interest on the taxes belonging to the county, during the time that its treasurer, pursuant to a resolution of its common council, wrongfully withheld them from the county. It is undisputed that the amount claimed correctly represents the amount of interest received by the city during two years and two hundred sixty-three days.

The action is for money had and received. While the action is one at law, the right to recover is equitable in its nature, and it can be sustained only if the defendant has received money which in equity and good conscience it ought to pay to the plaintiff. *Steuerwald v. Richter*, 158 Wis. 597, 149 N. W. 692, and numerous cases cited therein. The rule applicable to such actions is stated in 41 Corp. Jur. p. 33 to be as follows:

"The question, in an action for money had and received, is to which party does the money, in equity, justice, and law

belong? All the plaintiff need show is that defendant holds money which in equity and good conscience belongs to him, but if he fails to show such superior right, that is, that defendant does hold money which so belongs to plaintiff, he cannot recover."

Although the facts in this action are largely undisputed the trial court held substantially as follows:

(1) That this action is not one for money had and received but is merely an action for interest, brought by the county against the city (both parties being governmental subdivisions of the state), and that, in the absence of a statute specifically authorizing the recovery of interest, such an action will not lie. *Schlesinger v. State,* 195 Wis. 366, 218 N. W. 440.

(2) That if the county of Sheboygan had intended to claim the interest in question it could have and should have litigated that question in the *mandamus* action, and consequently this action is barred because of the former adjudication and judgment.

(3) That this action for money had and received cannot lie because the evidence does not satisfy the court that the interest received by the city from its depositories was actually used for legitimate municipal purposes. *State v. Milwaukee,* 145 Wis. 131, 129 N. W. 1101.

In the view we take of this action, it was clearly not one for the recovery of interest, as the latter term is ordinarily understood. The allegations of the complaint and the nature of the proofs unquestionably show that the action was one to recover money which the city had received and which in equity and good conscience it ought to pay to the county. Contemporaneously with the collection of the county taxes the city council passed a resolution directing the city treasurer not to pay such funds over to the county. The other city officers refused to sign the orders which were necessary in withdrawing funds from the city depositories. Due to the ill-advised passage of the resolution and the refusal of the city officers to permit the funds to be withdrawn, the

money belonging to the county was wrongfully withheld from it for a period of nearly three years. The city thereby profited to the extent of $4,470.15. It is indeed difficult to discover any elements of justice, equity, or good conscience in the stand taken by the city.

The conclusion of the trial court that this action is barred by the adjudication in the *mandamus* action, *State ex rel. Sheboygan County v. Telgener, supra,* is, in our opinion, unjustified. The former action was a *mandamus* action brought against the city treasurer to compel him, as the tax-collecting agent of the county, to turn over to it the money collected by him. *Appleton v. Outagamie County,* 197 Wis. 4, 220 N. W. 393; *State ex rel. Sheboygan County v. Telgener, supra.* True, the mayor, comptroller, and city clerk were also made party defendants in that action, but obviously only for the reason that a custom existed in the city of Sheboygan which did not permit the withdrawal of money from the city depositories unless its orders were signed or countersigned by the mayor, the comptroller, and the city clerk. In the *Telgener Case* it was held that the city had no interest in the fund and was not properly its custodian; that the city was wholly without authority to direct the city treasurer to disregard his statutory duties, and that the action of its council in so doing was void and of no legal effect; that it was the clear duty of the city treasurer and all parties having the fund under control to turn it over to the county treasurer. Under the holding in that case, the city treasurer was in reality the only necessary party defendant, and that action was to all actual intents and purposes one against the city treasurer and not against the city of Sheboygan. The city had no right to possess or control the county's tax funds or to coerce its treasurer, by means of a resolution passed by its council, to withhold payment of the county taxes collected by him or to prevent him from performing his statutory duty to pay over to the county the taxes belonging to

the latter. This present action is against the city of Sheboygan. In the former action the city treasurer was compelled by *mandamus* to turn over the principal sum collected, the statutory interest and penalties provided by sec. 74.22, Stats., being ignored. In that action no mention was made of any interest accretions to said fund which the city had received. The question of the ownership of the interest accretions was neither raised nor litigated. Although accretions are generally held to belong to the owner of the fund and in legal contemplation to adhere to it, it seems to us to be exceedingly doubtful if, under the peculiar circumstances of the former action, *mandamus* could have been invoked to compel the city treasurer, in an action against him, to turn over the accretions claimed by the city of Sheboygan. Since the parties to the two actions are not the same, and since the question as to the ownership of the interest accretions was not litigated in the former action, we think it should not be held that the former action is a bar to this action. Had the accretions been claimed by the city treasurer in his individual capacity a different conclusion might be impelled. As to the law of accretions, see *Board of Education v. Racine,* 205 Wis. 489, 238 N. W. 413; *In re Grant,* 52 Fed. (2d) 171; *U. S. v. Mosby,* 133 U. S. 273, 10 Sup. Ct. 327; *Lawson v. Baker* (Tex. Civ. App.) 220 S. W. 260; and *Willis v. Commissioners,* 5 East, 22.

As to the rules governing the efficacy of judgments in subsequent litigation between the same parties or their privies upon the same cause of action or upon different causes of action, see *Grunert v. Spalding,* 104 Wis. 193, 214, 80 N. W. 589; *Bentson v. Brown,* 191 Wis. 460, 462, 211 N. W. 132.

The conclusion of the trial court, that this action cannot lie because the evidence did not satisfactorily show that the interest credited to the city by its depositories was used for legitimate municipal purposes, is, in our opinion, unwarranted. It is difficult to perceive what better proof could

have been offered. It appears without question that the city treasurer, during tax-collection time, deposited all taxes collected by him in the banks designated as city depositories; that the county's funds were mingled with the city funds; that interest was computed on the city's daily balances which included the county's taxes; that the interest was computed every six months and immediately credited to the city; that the interest so credited was mingled with the city funds; that throughout the nearly three-year period, orders for only legitimate municipal purposes were drawn against the several city accounts by the proper officers of the city pursuant to its custom; that the said accounts were, throughout the period, from time to time, increased by city income and taxes and in turn diminished by proper orders issued only for legitimate municipal purposes. All of these things were frankly admitted by the officers of the city whose signatures were required to be on all city orders. This proof is amply sufficient to satisfy the demands of the law applicable to actions for money had and received. To require more proof would, in the great majority of cases, operate effectively to prevent a party from recovering moneys had and received by a city. If it should be held that in such actions proof of the expenditure of the identical moneys must be made, such burden could only be met by showing that at some time or other, after the moneys had been received, the city was wholly without funds. The law should not require such proofs in a case like this. To require such proofs would thwart rather than promote justice in practically all cases of this kind brought against a city.

*By the Court.*—Judgment reversed, with directions to enter judgment for the plaintiff for the amount claimed.