TOWN OF CONOVER, Appellant, vs. EAGLE RIVER JOINT UNION FREE HIGH SCHOOL DISTRICT, Respondent.

*April 12—May 9, 1933.*

For the appellant the cause was submitted on the briefs of *Bird, Smith, Okoneski & Puchner* of Wausau.

For the respondent there was a brief by *O'Melia & Kaye* of Rhinelander and *Frank W. Carter* of Eagle River, and oral argument by *A. J. O'Melia.*

FOWLER, J. The appeal is from an order sustaining a demurrer to a complaint on the ground of insufficiency of facts. The complaint alleges that a part of the plaintiff town lies within the defendant school district; that four and a half sections of land in the town that were formerly within the district have been detached; that from the time of the detachment up to and including 1930 the clerk of the defendant district, in certifying to the treasurer of the town the high school tax to be collected for the district, certified the amount of the tax so to be collected on the basis that the detached territory was still within the district; that the town treasurer has each year inserted in the tax roll against the lands in the town that lie within the district the amount certified by the district clerk, thus imposing upon the owners of such lands in addition to the tax properly payable by them the amount of the tax that would have been payable by the owners of said four and a half sections if the said sections had been still within the district; that the town treasurer has each year collected the tax so wrongfully entered against the lands within the district and paid the same over to the district; and that the excess of the taxes so wrongfully collected and paid over to the district aggregates $5,353. The plaintiff town seeks to recover said sum from the defendant district as money of the town had and received by the defendant district to its own use and benefit.

The money paid to the town treasurer by the several taxpayers of the town within the district was not the property of the town and was not received by it. It was not collected for and could not be devoted to town purposes. The money did not get into the town treasury but was paid over by the

town treasurer to the school district. Sec. 60.49, Stats. The town treasurer was the agent of the district in the collection and transmission of its school tax. The town was not accountable to the district for the district school tax collected by its treasurer, and sustained no liability therefor to the school district. The town never had any right to or interest in the money. The town is therefore not entitled to recovery on the ground that the school district has received and had the benefit of money belonging to the town.

Certain statutes are cited by the appellant as giving the town rights respecting school taxes collected by the town treasurer. Of these the language of sec. 60.49 (3), Stats., taken literally, more nearly supports this view than any other. It is to the effect that the town treasurer shall keep a true itemized account of all moneys received by him by virtue of his office, and exhibit all moneys in his hands as such treasurer, and make oath if required that such moneys are funds of the town. We cannot construe this section or any other called to our attention as making the town the owner of funds collected by the treasurer as school district taxes, or conferring on the town the right to sue to recover any such taxes illegally assessed and voluntarily paid by the taxpayers to the town treasurer and by him paid over to the school district.

The appellant cites *Town of Milwaukee v. Milwaukee County,* 114 Wis. 374, 90 N. W. 447, in support of its position. In that case the town treasurer had collected from the taxpayers of the town and paid over to the county treasurer a county tax attributable to the village of Whitefish Bay which had formerly been a part of the town, and the village treasurer had collected and paid over to the county the same tax. The town sued the county to recover the tax it had paid and recovery was allowed. In that case, however, the tax recovered could be devoted to town purposes and therefore went to the benefit of the town. It went to the benefit

of the taxpayers of the town also, as while it was illegally collected from the taxpayers in the first instance it had the effect of reducing their tax the following year by the amount recovered. Here if recovery were allowed the money could not properly be devoted to town purposes, as it was not paid by the taxpayers of the town but by the taxpayers of a small part of it. It would be unjust to them, in the same way if not the same degree, to apply it to town purposes as was the collection of it in the first place. In the first place they contributed more than their just share to school district purposes. Were the town to recover they would be contributing more than their just share to town purposes. Under the theory of the *Town of Milwaukee Case, supra,* no more could be recovered from the town than was collected for town purposes. *Matheson v. Town of Mazomanie,* 20 Wis. *191. The difference in the situations renders the *Town of Milwaukee Case* inapplicable.

The complaint cannot be upheld on the theory that the town can act on behalf of the taxpayers who paid the illegal excess. That a city cannot so act was held in *State ex rel. City of Sheboygan v. Sheboygan County,* 194 Wis. 456, 216 N. W. 144, and *Appleton v. Outagamie County,* 197 Wis. 4, 220 N. W. 393. That a county tax voluntarily paid by the taxpayers of a city was illegal does not give the city the right to withhold it from the county. *State ex rel. Sheboygan County v. Telgener,* 199 Wis. 523, 227 N. W. 35; *Sheboygan County v. City of Sheboygan,* 209 Wis. 452, 245 N. W. 87. With greater reason the fact that a school district tax was illegal does not give the town the right to recover it from the school district after it has been voluntarily paid to the town treasurer and paid over by him to the district.

*By the Court.*—The order of the circuit court is affirmed.