FEDERAL CORPORATION, Respondent, vs. RADTKE, Appellant: WRIGHT and another, Interpleaded Defendants and Respondents.

*October 11—November 9, 1938.*

233

For the appellant there were briefs by *Godfrey & Arnold* and *Lyman K. Arnold,* all of Elkhorn, and oral argument by *Lyman K. Arnold.*

For the respondents there was a brief by *Moran & O'Brien* of Delavan, and oral argument by *J. Arthur Moran.*

NELSON, J.  The sole question presented on this appeal is whether the court erred in holding that the defendant, Radtke, was not entitled to recover the payments made by him on the note and contract subsequent to the date of their alteration.  A brief summary of the facts will be necessary. On June 20, 1935, the defendant, Radtke, purchased an automobile from Emmett Wright and Willard Wright, copartners, then doing business under the firm name of Wright Brothers Motor Company, the purchase price of which, including a radio, was $782.  The defendant, Radtke, turned in his old car for a credit of $237, paid $100 cash, and signed a note and conditional sale contract for $593.33, which included certain financing and insurance charges, and thereby contracted to pay Wright Brothers $25 per month for seventeen months, commencing July 20, 1935, and the balance at the end of eighteen months.  The note and conditional sale contract were drawn on partially printed forms furnished by the plaintiff to Wright Brothers. On June 22, 1935, Wright Brothers sold, assigned, and transferred the note and contract to the plaintiff.  A Mr. Hoag acted for the plaintiff in purchasing the note and contract.  When Hoag first examined the note and contract he observed that they called for an eighteen months' payment plan.  He informed Willard Wright that his company would not accept that type of deal.  He advised Willard Wright, that as a condition of his company's purchasing the note and contract, they would have to be changed to a twelve months' payment plan, that is to say, $25 each month for

eleven months and the entire balance at the end of the twelfth month. Hoag shortly thereafter left Wright Brothers' place of business and called upon other customers. Later in the day he returned, and at that time Willard Wright showed him the same note and contract which had been changed from an eighteen months' payment plan to a twelve months' payment plan. Hoag, without questioning Willard Wright as to whether or not he had obtained Radtke's consent to the alteration of the note and contract, took an assignment to his company, paid Wright Brothers the money due them and left for his office at Rockford, Illinois. Some time thereafter plaintiff sent to the defendant, Radtke, a little book which showed the mode of payments, and that they would be due and payable each month for eleven months, and the balance at the end of the twelfth month. The defendant, Radtke, shortly thereafter, took the book over to Wright Brothers and asked Willard Wright if he remembered how the contract was signed and sent in. He was informed that a mistake must have been made and that it would be straightened out. Some time later on the defendant, Radtke, wrote to the plaintiff and received a letter from it which he understood represented that the contract had not been changed or altered. Radtke continued to make his instalment payments until he had paid the sum of $275 on the note and contract. Demand was then made by the plaintiff that he pay the balance forthwith. This caused him to make an investigation, and he found that the copy of the contract which had been filed with the register of deeds had been altered. He consulted an attorney and thereafter refused to pay anything more on the contract. It was claimed by Wright Brothers that the contract was changed with the knowledge and consent of Radtke. Radtke disputed this, and the jury found in his favor.

The defendant, Radtke, argues that when the note and contract were altered they became null and void, under the

rules laid down in *Farmers & M. State Bank v. Huss,* 182 Wis. 658, 197 N. W. 177, and *Morley-Murphy Co. v. Van Vreede,* 223 Wis. 1, 269 N. W. 664, and that consequently he is entitled to recover the payments made by him subsequent to the date of the alteration on the ground that such payments were made by mistake. The trial court held that the note and contract, upon their alteration, became null and void under the rule of the cases just cited, and denied any further recovery thereon against the defendant, Radtke. This holding, under the facts as found by the court and jury, was concededly correct.

The cross complaint is confusing in its allegations. It has allegations which sound in fraud, allegations which sound in rescission, and allegations which sound in *quasi* contract. In his principal brief Radtke contends that he is entitled to recover the instalments paid on the note and contract because they were induced by representations made to him by the plaintiff and Wright Brothers to the effect that the note and contract had not been altered, which representations were untrue and constituted fraud and deceit; or that he is entitled to recover the instalments paid because they were made by reason of a mistake of a material fact, namely, that he thought when the payments were made that the note and contract had not been altered. The plaintiff, in its brief, argues that the cross complaint is for equitable rescission. In his reply brief the defendant, Radtke, finally contends that his cross complaint is a straight action at law for the recovery of moneys paid by mistake. This contention clarifies the theory on which the defendant, Radtke, seeks to recover.

An action for money paid by mistake is an action for money had and received. In 41 C. J. p. 50, § 37, it is said:

"An action for money had and received is the proper form of action for the recovery of money paid under a mistake of facts."

An action for money had and received, *i. e.,* money paid by mistake, is in our view, clearly *quasi* contractual in its nature and is ruled by the law of *quasi* contracts. While such actions are at law they are controlled by equitable principles. The right to recover is equitable in its nature and can be sustained only if the defendant has received money which in equity and good conscience it ought to repay to the plaintiff. *County of Sheboygan v. City of Sheboygan,* 209 Wis. 452, 245 N. W. 87. Recovery in such actions is ordinarily permitted only when there has been an "unjust enrichment," *i. e.,* the receipt by one person from another of a benefit, the retention of which would be unjust. *Richland County Bank v. Joint School District,* 213 Wis. 178, 250 N. W. 407. In *Dunnebacke Co. v. Pittman,* 216 Wis. 305, 257 N. W. 30, the law applicable to *quasi* contracts was again considerately stated.

The trial court, in its decision, expressed the view that it would be unconscionable for the defendant, Radtke, to recover on his cross complaint and still retain the automobile and radio which he purchased from Wright Brothers. As a result of the alteration of his note and contract, the defendant, Radtke, has profited to the extent of at least $318.33. We are of the opinion that neither the plaintiff nor the defendants, Wright, under the circumstances of this case, have in their possession moneys belonging to the defendant, Radtke, which in equity and good conscience they ought to repay to Radtke. Nor can it be said that the payments made by the defendant, Radtke, unjustly enriched either the plaintiff or the defendants, Wright.

The defendant, Radtke, cites numerous cases where recoveries of money paid by mistake have been permitted but none of them deals with a situation at all like the present. In every case cited, it clearly would have been inequitable to permit the defendant to retain the moneys paid to him by

mistake. Without further discussion we are of the opinion that the trial court was right in denying to the defendant, Radtke, recovery on his cross complaint.

*By the Court.*—That part of the judgment appealed from is affirmed.