CONRAD, Receiver, Appellant, vs. EVANS, Respondent.

*March 7—April 5, 1955.*

388

For the appellant there were briefs by the *Attorney General* and *George F. Sieker,* assistant attorney general, and oral argument by *Mr. Sieker.*

For the respondent there was a brief by *Spohn, Ross, Stevens, Lamb & Pick* of Madison, and oral argument by *Edwin C. Pick.*

BROWN, J. We quote from the memorandum opinion of the trial judge:

"The material allegations of the complaint, with the paragraphs in which they are to be found indicated, are as follows:

"(3) Suburban Builders, Inc., is a Wisconsin corporation, organized September 20, 1945, and still in existence and doing business.

"(4) On August 16, 1949, the Wisconsin department of taxation made an income-tax assessment against Suburban Builders, Inc., for the fiscal years ending August 31, 1946, August 31, 1947, and August 31, 1948, in the sum of $4,343.52. On August 30, 1949, the Wisconsin department of taxation issued a delinquent-tax warrant against Suburban Builders, Inc., based on said income-tax assessment, and delivered the same to the sheriff of Dane county for collection. On September 2, 1949, said delinquent-tax warrant was docketed in the office of the clerk of circuit court for Dane county, and was returned by the sheriff wholly unsatisfied. That Suburban Builders, Inc., is now indebted to the state of Wisconsin for delinquent income taxes in the sum of $4,343.52 together with interest.

"(5) That the plaintiff is the duly appointed, qualified, and acting receiver of Suburban Builders, Inc., and vested with the usual rights and powers of receivers under ch. 273, Wisconsin statutes.

"(6) That at sundry times between September 20, 1945, and October 16, 1947, the defendant received from Suburban Builders, Inc., the sum of $9,108.79 in the form of labor and

materials for his own use and benefit without consideration. That at sundry times between July 26, 1946, and February 27, 1947, Suburban Builders, Inc., paid to First National Bank, K. Joas, and Agnes Cleary, out of its capital assets, the sum of $12,182.50 for the account of the defendant and pursuant to his direction, for his own use and benefit without consideration. That at all times mentioned in the complaint, defendant was in fact a stockholder in Suburban Builders, Inc."

The only question raised by the appeal is whether the foregoing allegations set forth a cause of action against the defendant.

Under the Wisconsin Code, sec. 263.03 (2), Stats., a complaint shall contain:

"A plain and concise statement of the ultimate facts constituting each cause of action, without unnecessary repetition."

Sec. 263.27, Stats., commands:

"In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties."

When the sufficiency of a complaint is challenged by demurrer every reasonable intendment and presumption is .to be made in favor of the complaint and the plaintiff is entitled to all reasonable inferences which can be drawn from the facts pleaded. *Christenson & Arndt, Inc., v. Wisconsin Telephone Co.* (1953), 264 Wis. 238, 243, 58 N. W. (2d) 682.

We examine the present complaint with the foregoing principles in mind.

Appellant is a receiver appointed in proceedings supplementary to execution under the provisions of ch. 273, Stats. His rights were defined by *Nick v. Holtz* (1941), 237 Wis.

407, 411, 297 N. W. 387 (cited by both parties), where, referring to a supplementary receiver, we said:

"Upon his appointment the receiver stands in the shoes of the debtor. He is obliged only to act to protect and secure the debtor's interest in the mortgaged property. Whatever rights of title and possession the debtor may have had at the time of the receiver's appointment went to the receiver, but upon the happening of the conditions there set out appellant could no more be deprived of his right of possession by the receiver than by the debtor himself."

Appellant submits that the receiver has more rights than the debtor corporation because he also represents creditors and may recover property to which the creditors have a right though the debtor himself may have lost or parted with his right. It has been so held, but with the proviso that the receiver is bound by the legal acts of the debtor. "It is only those which are illegal which he can impeach." *Porter v. Williams* (1853), 9 N. Y. 142, 150.

The demurrer admits the complaint's allegations that at various times between September 20, 1945, and October 16, 1947, defendant received from Suburban Builders, Inc., various sums, labor, and material without consideration, which plaintiff demands that he now return or pay for. Under what obligation shall defendant be required to do so? The complaint does not allege that defendant, at the time he received such value expressly agreed to reimburse the corporation for it. It does not allege that the money was lent him or that he ever agreed to repay it or that either he or the corporation expected repayment to be made. It does not allege that the labor and material were furnished him at his request or on his order, whereby an implied promise to pay for it arises. There is no allegation that by any fraud or deceit defendant induced the corporation to part with its cash, material, or labor, or that it did so involuntarily or by any mistake, so that it may now demand restitution. We

cannot discover any allegations in the complaint which give plaintiff a right of action, either in contract or in tort, to compel defendant to return to plaintiff or to the corporation which he represents that which the corporation, some years back, gave to him. The complaint merely tells us that the assets were once the corporation's; the corporation gave them to the defendant; the corporation, or its receiver, now wants them back. If the defendant is obdurate and the return is to be compelled, the complaint must tell more than that.

Plaintiff submits that this is an action for money had and received. That is one of the common-law actions, technical in its requirements, among which is a necessity of alleging that defendant had and received plaintiff's money for plaintiff's use. The present complaint alleges that the property was received for defendant's use. That is quite a different thing. The action of money had and received does not lie unless the money was received for the use of the plaintiff. 58 C. J. S., Money Received, p. 919, sec. 8. However, the principle underlying the action of money had and received is well established, and if we can find allegations in the complaint which satisfy those principles we might find a cause of action has been stated.

"An action for money had and received, *i. e.,* money paid by mistake, is in our view, clearly quasi contractual in its nature and is ruled by the law of quasi contracts. While such actions are at law they are controlled by equitable principles. The right to recover is equitable in its nature and can be sustained only if the defendant has received money which in equity and good conscience it ought to repay to the plaintiff. *County of Sheboygan v. City of Sheboygan,* 209 Wis. 452, 245 N. W. 87. Recovery in such actions is ordinarily permitted only when there has been an 'unjust enrichment,' *i. e.,* the receipt by one person from another of a benefit, the retention of which would be unjust." *Federal Corp. v. Radtke* (1938), 229 Wis. 231, 237, 281 N. W. 921. See also *Trempealeau County v. State* (1952), 260 Wis. 602, 605, 51 N. W. (2d) 499, and cases there cited.

". . . it is maintainable in all cases where one person has received money or its equivalent under such circumstances that in equity and good conscience he ought not to retain it and, *ex aequo et bono,* it belongs to another." 4 Am. Jur., Assumpsit, p. 509, sec. 20.

In what respect is the defendant's conscience so touched that he should restore value received by allegations that in times past he received cash or valuable services without consideration from a corporation that, some years later, is unable to pay its debts? We have already mentioned that it is not alleged that defendant has failed to perform a promise to pay for the work done on his house nor one to repay the money which he received, nor that he made any such promises either expressly or by any implication, nor that the corporation made such payments and rendered such services through any mistake or by reason of any tortious conduct on the part of the defendant or with any expectation that the defendant would pay or repay. For all that appears in the complaint defendant's conscience is clear in these respects.

The receiver submits that he stands in the shoes of creditors as well as in those of the corporation. If there were allegations that the corporation was insolvent when it made the payments or rendered the uncompensated services to defendant, or that such doings made it so, and defendant knew it, or other allegations from which it might be inferred that if defendant had not got these corporate assets when he did *bona fide* creditors some years later would have,—then equity and good conscience might be involved. But those allegations are not made nor is the conclusion implied by anything said in the complaint.

We concur with the learned trial judge who sustained defendant's demurrer.

*By the Court.*—Order affirmed.