CITY OF MILWAUKEE, Respondent, v. HURLESS and another, Appellants.

*June 2—June 26, 1959.*

610

For the appellants there were briefs by *Herbert L. Mount,* attorney, and *Robert A. Hess* of counsel, and oral argument by *Mr. Mount* and by *Mr. John A. Keck,* all of Milwaukee.

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *John F. Cook,* assistant city attorney, and oral argument by *Mr. Cook.*

DIETERICH, J. In determining whether a complaint is subject to a demurrer, the most-liberal interpretation possible must be given to it. If the complaint states any facts upon which the plaintiff can recover, it must be held to state a cause of action.

Considerable freedom is allowed to parties in stating in their pleadings the facts relied upon to establish their rights.

In *Hall v. Bell* (1910), 143 Wis. 296, 299, 127 N. W. 967, it is said:

"If the pleading, giving it the benefit of every reasonable inference, expressly or by such inference, or both, states facts showing the plaintiff to be entitled to some relief within the competency of the court to grant, it states a good cause of action for such relief."

See also *Manning v. School District No. 6* (1905), 124 Wis. 84, 102 N. W. 356, and *Conrad v. Evans* (1955), 269 Wis. 387, 69 N. W. (2d) 478.

The complaint alleges facts showing the fiduciary capacity under which the defendant Hurless received the money; that the transactions involved are so complicated that the remedy for the plaintiff at law would be inadequate; and that a demand was made for an accounting which was refused or not rendered.

We conclude that, under our liberal rules of pleading and giving the complaint the benefit of every reasonable inference, a cause of action is stated. Therefore, it devolves upon the defendants to answer the amended complaint.

*By the Court.*—Order affirmed.

MARTIN, C. J., took no part.