DR. BARBARA THOMPSON, State Superintendent Department of PublicInstruction
You have requested my opinion with respect to the following questions:
 "Upon the sale of school district property (includes a school building) which governmental body, the Joint City School District or the City, should be entitled to the proceeds received from such sale?
 "Further, if the Joint City School District property is not sold and is claimed by the City for a park or other city purpose, would the Joint City District be entitled to proceeds from the city for the fair market value of the real estate'?"
A city school district has boundaries which are coterminous with that of the city. A joint city district is created when an order of reorganization of a city school district is made pursuant to secs. 117.02 or 117.03, Stats., attaching territory to the city school district for school purposes only (see sec.115.01 (3), Stats.).
Joint city districts are subject to fiscal control by a fiscal control board constituted under sec. 120.50(1), (2) Stats.
In addition, sec. 120.56(2), Stats., provides:
 "In the case of a joint city school district, the proceeds from sale of school property shall be deposited in the sinking fund authorized by sub.(1) to be used and expended as provided in sub. (1)."
Therefore, in answer to your first question, the money received from the sale of joint school district property must be deposited in a sinking fund to be used by the joint school district for educational purposes.
In answer to your second question, the city, even though it has legal title (see sec. 120.09(4), Stats.). could not claim a right to beneficial use of the property in question without payment to the school district for its interest. *Page 274 
In West Milwaukee v. West Allis, 31 Wis.2d 397, 412,143 N.W.2d 19 (1966), a case relating to a joint city school district and the fiscal control board, the court wrote:
 "Under the present statutes, a city like West Allis not only has a wider territory for school purposes than it does for ordinary municipal purposes, but it also has a body with control of tax and fiscal matters (the fiscal board) which is representative of the wider territory and which is different from the body with control of ordinary municipal tax and fiscal matters, the common council. . . [We] conclude as did the circuit court that it is equitable that interest on school funds should augment the funds under the control of the fiscal board rather than the funds under the control of the common council." (Bracketed material supplied.)
It is my opinion based on this case that the joint school district has an equitable interest in the real estate and personal property used by it for educational purposes.
The value of the interest of the joint city school district is a fair market value of the property. Anything less than a fair market value basis for purposes of sale would, without legal justification, diminish the equity of the school district taxpayers.
Section 120.49(4)(a), Stats., gives the school board of a city school district the authority to "purchase sites for school buildings or other school uses and construct buildings." In my opinion authority of a school district to sell property may be implied from this section. In S. D. Realty Co. v. SewerageComm., 15 Wis.2d 15, 27, 112 N.W.2d 177 (1961), the court noted that the sewerage commissions had the statutory power to acquire real estate and the court concluded that they possessed the implied power to alienate or lease property. Purchase and sale of property, however, are subject to approval of the fiscal board in case of a joint city district or the city council in case of a city district. Secs 120.49 (4) (a) and 120.50 (3), Stats.
If a municipality is the vendee, an agreement may be made with the school district pursuant to sec. 66.30, Stats. Because of its equitable property interest, the school district is a "municipality" for purposes of entering into a 66.30 agreement.Compare Joint School v. Wisconsin Rapids Ed. Asso., 70 Wis.2d 292,234 N.W.2d 289 *Page 275 
(1975). In addition, circumstances may permit the use of an agreement provided for in sec. 120.13(3), Stats.
Such agreements should provide for the payment of the consideration on the basis of fair market value, either in cash or its agreed equivalent such as services, materials and/or real and personal property. The consideration received should be used for educational purposes. See West Milwaukee v. West Allis at p. 408-410.
BCL:JWC